No. 2743

Second Circuit

WEISMAN INSURANCE AGENCY v. BASS

(April 10, 1930. Opinion and Decree.)

C. B. Prothro, of Shreveport, attorney for plaintiff, appellee.

Cook & Cook and C. D. Egan, of Shreveport, attorneys for defendant, appellant.

DREW, J.  Plaintiff alleges that it is the agent for a number of insurance companies, and that during the years 1920, 1921, and 1922 it wrote and issued to O. J. Bass a number of insurance policies covering loss or damage by fire and tornado, automobile liability, fire and theft, and workmen's compensation insurance. That the said defendant owes a balance of $267.78 on premiums due on said policies, attaching an itemized statement to the petition.  It also claims $25 premium due for contractor's bond furnished by plaintiff in the erection of a building for A. F. Vickey.  It further alleges that the amount of said premiums was charged to plaintiff by the insurance companies, and that it has paid same.

Defendant filed a prayer for oyer of the policies issued or certified copies of same. Answer to said prayer was as follows:

"Now into court comes the plaintiff in the above numbered and entitled cause and for answer to the defendant's prayer for oyer files herewith the insurance policies sued on herein bearing numbers 2525084, and 2525088, New Brunswick Fire Insurance Company, and number 5818 Sterling Fire Insurance Company. Wherefore plaintiff prays that the prayer be discharged and defendant ordered to answer the petition within ten days from the date.  For general relief."

On the bottom of the answer is an unsigned order discharging the defendant from rule, and ordering defendant to answer.  A copy of the minutes is not in the record, and we have no way of knowing whether the prayer for oyer was held satisfied or not.  Defendant did answer, and we presume he did so under order of court holding the plaintiff discharged under the prayer for oyer.

Defendant then filed an exception of vagueness, and there is nothing in the record to indicate that it was ever passed on by the lower court.

Defendant answered, pleading a general denial to most of the petition, admitting, however, that he carried workmen's compensation insurance, but avers that his payments to plaintiff, proper credits being allowed and proper adjustments had, are more than sufficient to pay the premiums on such policies.

He admits having carried an automobile fire policy in the amount of $2,000 on one automobile and an automobile liability policy No. 157920 Georgia Casualty, on his own automobile.  All other allegations are denied.

The case went to trial on these issues, and at the beginning of the trial defendant objected to the testimony of the account for the reason that plaintiff did not allege that it was subrogated to the rights of the insurance companies who issued the policies; and further objected to parole proof of the insurance policies for the reason that the policies were the best evidence.

This objection was overruled and the evidence admitted, and the objection and ruling was made general to all testimony.

Later in the trial of the case the trial judge ruled that the insurance policies were the best evidence, and allowed the plaintiff to introduce in evidence what it called office copies of the policies, and, on this evidence, rendered judgment in favor of plaintiff.

Defendant appealed from the judgment, and strenuously urges in this court the objections that were overruled in the court below.

The ruling of the court on the first objection, for the reason plaintiff had not alleged itself subrogated to the rights of the insurance companies, was correct. Plaintiff alleged that the amount of said premiums was charged against it by the insurance companies, and that it had paid said amount to the insurance companies.

"A broker who has become liable for the premium on a policy may recover the amount thereof from the insured though he has not paid the insurer." And he may sue in his own name. 14 R. C. L. 878; 33 Corpus Juris 67. Waters v. Wandless (Tex. Civ. App.). 35 S. W. 184; Cobb v. Keith, 110 Ala. 614, 18 So. 325; Lamb v. Connor, 84 Wash. 121, 146 P. 174; Harrison v. Birrell, 58 Or. 410, 115 P. 141, 144.

The second objection, which was made to the introduction of secondary evidence, for the reason that the policies of insurance were the best evidence, we think was well taken, and should have been sustained.

The plaintiff did not serve notice on the defendant, by rule or otherwise, to produce the original insurance policies, nor did it attempt to account for said policies. It contented itself with offering what it called office copies of the policies which, in fact, were not copies of the policies, being copies only in part. However, such copies as they were might have been admissible had it been shown that they were the only evidence possible to produce to show that the policies were issued and to whom. This was not done, and the evidence thereunder was inadmissible. Payne v. Crawford, 102 Ala. 387, 14 So. 854; Hanover Fire Ins. Co. v. Lewis, 23 Fla. 193, 1 So. 863; Mrs. Betty Franklin v. First Baptist Church, 2 La. App. 698.

"Secondary evidence of the contents of written papers is admissible where the originals themselves cannot be produced, after an effort made to do so." 10 R. C. L. 911; Coons v. Renick, 11 Tex. 134, 60 Am. Dec. 230.

"If a document is in possession of the adverse party, he must be notified, as a rule, to produce it before secondary evidence of its contents may be resorted to. So if a party assert for the first time at the trial that a certain written instrument exists and is in possession of the opposite party, the former is not allowed to prove its contents by secondary evidence, without having given notice to produce it." 10 R. C. L. 920.

"Where a party desires to introduce proof of the contents of a letter in the possession of the adverse party, the proper practice is to serve notice on the adverse party to produce the letter; in the event of his failure to do so, other evidence of the contents of the letter is not admissible." 10 R. C. L. 906.

"Naturally the best evidence of the conditions of a written instrument consists in the actual production of the instrument itself, and the general rule is that secondary evidence of its contents cannot be admitted until the non-production of the original has been satisfactorily accounted for." 10 R. C. L. 903; 17 Cyc. 556; Home Ins. Co. v. North Little Rock Ice Co., 86 Ark. 538, 111 S. W. 994, 23 L. R. A. (N. S.) 1201.

"Oral evidence cannot be given of the contents of a paper in the hands of an adversary, without notice to him to produce it on the trial." Erwin v. Porter, 6 Mart. (N. S.) 16; Gardere v. Fisk, 6 Mart. (N. S.) 388.

Plaintiff relies on the fact that defendant filed a prayer for oyer of the insurance policies or copies thereof, and he was furnished copies, that he received what he asked for and should be satisfied.

Defendant in his prayer for oyer sets out that he is unable to answer the petition until his prayer is answered. The prayer for oyer was to secure information on which to predicate an answer, and in no way deprived him of his right to object to inadmissible evidence on the trial of the case.

Plaintiff was bound to have used the proper means to secure the insurance policies, whether in the hands of defendant or some third person, before secondary evidence would be admissible. He failed to use the means provided by law.

Plaintiff made out his case in the lower court by this evidence which was inadmissible, and the judgment of the lower court will have to be reversed and the demands of the plaintiff rejected as of nonsuit.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be reversed, and the demands of the plaintiff are hereby rejected as of nonsuit.

Costs to be paid by plaintiff and appellee.