**JANVIER & CO., Limited, v. FRITZ et al.***

**No. 16843.**

Court of Appeal of Louisiana. Orleans.

April 4, 1938.

Theo. Cotonio, of New Orleans, for appellants.

Curtis, Hall & Foster and Chas. A. Kyle, all of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit by Janvier & Company, Ltd., against O. C. Fritz and Mrs. Ignatio Feleti, for the balance due on certain insurance premiums in the sum of $195.27. Petitioner alleges that Fritz and Mrs. Feleti were partners engaged in business as building contractors, and that in the course of its business as a general insurance agency it "sold and issued to defendants various policies of workmen's compensation and public liability insurance covering defendants in connection with building contracts." An exception of vagueness was filed in connection with defendants' answer in accordance with the rules of the First city court in which the suit was brought. The answer denied the issuance of the policies and also denied that there was any partnership existing between the defendants. It was admitted that O. C. Fritz was a building contractor

*Rehearing denied 180 So. 444.

and that, as such, from time to time, he needed and obtained bonds through the plaintiff which required an indemnitor, and that Mrs. Feleti bound herself in that capacity in connection with certain building contracts which Fritz had undertaken and for which a contractor's bond had been obtained through plaintiff's office.

Following a trial below, there was judgment in favor of plaintiff as prayed for and against the two defendants jointly (the prayer of the petition asked for a judgment in solido). The case was appealed suspensively to this court, where an exception of no cause and of no right of action was filed based upon the contention that an agent for an insurance company cannot maintain an action in its own name for a premium due its principal. Since this exception was filed in an appellate court, after the record had been made up, it must be considered in connection with the allegations and proof in the record as distinguished from a similar exception filed in limine which is addressed to the allegations of the petition alone.

Considering the exception in that light, we find that the pertinent allegations of the petition are to the effect that the plaintiff is a general insurance agency and, as such, sold and delivered certain policies to defendants. There is nothing in the record which qualified or enlarged upon this statement in the petition—no allegation and no proof that plaintiff had paid its principal, which is shown to be the Travelers Insurance Company, the amount of the premiums sued for or that it is in any way responsible for their payment.

In Corpus Juris, vol. 33, p. 67, we find the following:

"Ordinarily an insurance agent has no right to sue for the premium due on a policy negotiated by him, even where he is authorized to collect the premium. However, if a note for a premium is payable to him, individually, he may maintain an action thereon; and, if the agent negotiating the insurance pays the premiums, he is entitled to recover the amount thereof from insured. Under some circumstances the agent may so recover, even though he has not actually paid the premium to the company. An action to recover a premium may in a proper case be brought by an agent in the name of the company to the agent's use. Ordinarily an agent cannot sue in his own name to recover a premium, unless he is entitled thereto by way of assignment or subrogation. However, he may sue in his own name where the company holds him liable for premiums and he has paid the one in question."

In the case of Weisman Insurance Agency v. Bass, 14 La.App. 207, 127 So. 635, decided by our brethren of the Court of Appeal for the Second Circuit, it was held that an agent for a number of insurance companies could maintain an action in its own name for premiums due its principal without alleging a subrogation, where it was alleged that "the amount of said premiums were charged against it by the insurance companies and that it had paid the said amounts to the insurance companies."

In Barry & Brewer v. Wright, 168 Miss. 216, 150 So. 186, the Supreme Court of Mississippi, citing the Weisman Insurance Case, held that:

"Where insurance company looks to agent for premiums and agent pays premium which insured fails to pay, agent is subrogated to all rights and remedies of company respecting premium and may demand and sue for it in his own name." (Syllabus by the Court.)

In the case at bar there is no showing by way of allegation or proof of any fact, which would take this case out of the general rule that an agent cannot maintain a suit in its own name for an insurance premium due its principal.

Apparently recognizing the necessity of showing that special circumstances take this case out of the rule that an agent cannot sue for a debt due its principal, counsel in a supplemental brief contend that we should take judicial cognizance of the fact that an insurance agent is obligated to pay the premiums due its principal by universal custom and that, therefore, this case is within the exception recognized in the Weisman Case. In the first place, we have no actual knowledge of the custom referred to and, therefore, cannot say it is sufficiently common usage to warrant judicial recognition, and, in the second place, the Weisman Case did not hold that a showing that an agent was responsible was sufficient, but that the agent should allege and prove that it was charged with and paid the premiums.

We believe the exception is well founded and should be maintained.

For the reasons assigned, the judgment appealed from is annulled, avoided, and

reversed, and it is now ordered that there be judgment in favor of the defendants sustaining the exception of no cause of action and dismissing plaintiff's suit at its costs, reserving to plaintiff the right to institute another suit upon making, if it can, proper allegations.

Reversed.

JANVIER, J., recused, takes no part.