HOOD, Judge.
Globe Indemnity Company instituted this suit against a commercial partnership and the individual members of that partnership to recover amounts claimed to be due as premiums on several policies of liability and compensation insurance which plaintiff allegedly sold and issued to defendants. A number of defendants were named in the suit, two of them being Beattie A. Inglisy Jr. and Estate of LeRoy Lambert. An exception of no right or cause of action was *330 filed by the said Beattie A. Inglis, Jr., and a similar exception was filed by Mrs. Ber-nita Burleson Lambert, individually and as natural tutrix for her minor children. These exceptions were tried and judgments were rendered on February 16 and February 19, 1960, maintaining them and dismissing the suit as to these defendants, with prejudice, at plaintiff’s costs.
After these judgments were rendered plaintiff filed an amended petition seeking to have Mrs. Lambert, individually and as natural tutrix for her children, made a party-defendant. Mrs. Lambert then filed an exception of res judicata, which in due course was tried and on April 4, 1960, judgment was rendered maintaining this exception. From the judgments so rendered plaintiff has appealed.
Upon the trial of the exceptions of no right or cause of action, exceptors introduced evidence in an effort to establish that no privity of contract had existed between plaintiff and exceptors. Plaintiff did not object to the introduction of evidence at the trial, and the proof offered by exceptors was admitted and obviously was considered by the trial court. After judgments were rendered maintaining the exceptions of no right or cause of action, plaintiff then filed a motion for rehearing, urging for the first time that evidence was not admissible on the trial of the exceptions, which motion was denied.
Plaintiff now contends that the trial judge erred in admitting the evidence offered by exceptors in support of the exceptions of no right and no cause of action. It further contends that the evidence so introduced fails to support the position of exceptors to the effect that no privity of contract existed between the parties-. We find it unnecessary to consider the question of whether the trial judge improperly admitted evidence in support of these exceptions, because we are convinced that the evidence contained in the record fails to establish the facts upon which exceptors rely in support of their exceptions.
The evidence establishes that LeRoy Lambert, prior to his death in 1959, was a partner in and served as manager of Lees-ville Contracting Company, that in his capacity as manager he purchased all of the insurance, policies issued to that company from the Paul Anderson Insurance Agency and the DeRidder Insurance Agency, and that he did not at any time negotiate with or purchase any insurance directly from plaintiff, Globe Indemnity Company. On one occasion, in 1956, Lambert paid premiums on two policies issued by Globe Indemnity Company directly to the Anderson Insurance Agency, and it is reasonable to assume that all such premiums were paid to the agency rather than to the insurer.
Although we find no specific pleading or proof in the record to the effect that the Anderson Insurance Agency acted as agent for plaintiff in writing the policies for which premiums are alleged to be due, the evidence indicates and counsel in their arguments appear to concede that this is true. Considering those facts and the allegations contained in the petition to the effect that plaintiff sold and issued these policies to defendants, we assume for the purpose of the exceptions now being considered that the Anderson Agency did act as agent for Globe Indemnity Company in writing and issuing these policies.
Exceptors contend that since Lambert did not purchase' the insurance directly from plaintiff, his negotiations being solely with the Anderson Insurance Agency, no privity of contract existed between Lambert and plaintiff, and accordingly plaintiff has no right of action against exceptors for the 'premiums alleged to be due under said policies. Counsel for exceptors argue that the Anderson Insurance Agency would have a right and a cause of action against excep-tors for any unpaid premiums which may be due, since that agency sold the insurance to them, but it is argued that plaintiff, Globe -Indemnity Company, has no such right unless it is shown that plaintiff has obtained an assignment of the claim from the Anderson Agency. The trial judge ap *331 parently agreed with counsel in that interpretation of the law since the exceptions were maintained.
 We are convinced that the trial judge erred in holding that plaintiff has no right of action against exceptors. The insurer, rather than the agent, is the one who ordinarily is entitled to enforce liability for unpaid premiums. An agent of the insurer usually does not have the right to sue in his own name to recover a premium, even as to a policy negotiated by him and as to one where he is authorized to collect the premiums, unless he is entitled thereto by way of an assignment or subro-gation. Janvier and Company v. Fritz, La.App.1938, 180 So. 172, 444; Page v. Marcel, La.App.1950, 44 So.2d 363; Weisman Insurance Agency v. Bass, 1930, 14 La.App. 207, 127 So. 635; 44 C.J.S. Insurance § 358(e). There are circumstances, of course, under which an insurance agent may maintain a suit for unpaid ■ premiums, one such circumstance being where the agent has paid the premiums to the insurer or was liable to the insurer for them. No facts have been alleged or have been proved here, however, which would take this case out of the general rule that the insurer rather than the agent is the proper party to maintain a suit for unpaid premiums on policies issued by said insurer.
If we should conclude, as counsel for ex-ceptors urge us to do, that no privity of contract existed between plaintiff and ex-ceptors in this case, then by the same reasoning and because of a lack of privity we would be compelled to hold that under a similar set of facts the insured would not have a right of action against the insurer for claims arising under the terms of the policy. We are convinced that counsel for exceptors are in error in this interpretation' of the law.
Assuming the facts alleged in plaintiff’s petition to be true, and considering those allegations with the proof presented by ex-ceptors, we conclude that a privity -of contract' did exist between plaintiff and ex-ceptors, and that plaintiff accordingly has a cause of action and a right to maintain this suit against exceptors for the premiums alleged to be due.
For the reasons herein assigned, the judgments of the trial court maintaining the exceptions of no right and no cause of action filed by Beattie A. Inglis, Jr., and by Mrs. Bernita Burleson Lambert, individually and as natural tutrix for her minor children, and the judgment rendered on April 4, 1960, maintaining the exception of res judicata filed by Mrs. Lambert, are reversed, and the case is remanded to the district court for further proceedings consistent with the views herein expressed.
Reversed and remanded.