No. 19,640.

FRANKLIN W. BAUMGARTNER *v.* JOHN C. BURT, ET AL.
(365 P. [2d] 681)

Decided September 25, 1961.   Rehearing denied November 6, 1961.

Mr. Raymond J. Gengler, Mr. John-David Sullivan, for plaintiff in error.

Messrs. Bradley, Carney and Johnson, for defendants in error.

*En Banc.*

Mr. Chief Justice Hall delivered the opinion of the Court.

The parties appear here in reverse order to their appearance in the trial court. We refer to the parties as they there appeared, Burts or plaintiffs, and Baumgartner or defendant.

Burts in their complaint allege that they sold insurance to Minerals Exploration Research Company, a partnership, and that Baumgartner was one of the partners; that the partnership and Baumgartner are indebted to Burts on an open account for unpaid premiums in the amount of $3,525.82 together with interest.

Baumgartner filed an answer in which he (1) denies that he was a general partner in Minerals Exploration Research Company; (2) denies all of the allegations of the complaint; (3) alleges that the complaint fails to state a claim upon which relief can be granted. By way of affirmative defense he alleges that he was only a limited partner and as such was not answerable for the partnership debts.

Trial was to the court. Proof submitted by Burts disclosed the procurement and delivery by them as insurance agents to the partnership, composed of Baumgartner and others, of numerous policies of insurance issued by various companies, and that premiums for the policies so issued remained unpaid.

The trial judge found that Baumgartner, as a member of the partnership, became liable for premiums due on insurance written for the partnership for at least the amount of $2,938.00, and that payments totalling $800.00 should be credited on the account, leaving a balance due and unpaid of $2,138.00 for which amount judgment was entered in favor of Burts against Baumgartner.

Baumgartner is here by writ of error seeking reversal and, among other reasons therefor, urges that even though it be established that Baumgartner owes premiums for insurance issued, there is no proof that the premiums are due to Burts or of other facts entitling them to maintain an action therefor. This contention was urged in briefs filed with the trial court and disposed of by the trial court as follows:

"Defendant in his brief advances the idea, as the Court understands it, that the insurance company in some or all the instances was the real party in interest and the plaintiffs have no right to sue. *It is common knowledge that insurance agents are personally liable to their principals.* The payments made were all to the plaintiffs, none to the companies. Payment to the companies has never been demanded, nor offered by the beneficiaries. Defendant has nothing to fear on this account." (Emphasis supplied.)

We do not subscribe to the trial court's observation that:

"It is common knowledge that insurance agents are personally liable to their principals," if it purports to include liability for uncollected premiums.

Dealing with this very question, the Court of Appeal of Louisiana, in *Janvier and Co. v. Fritz*, 180 So. 172, said:

"Apparently recognizing the necessity of showing that special circumstances take this case out of the rule that an agent cannot sue for a debt due its principal, counsel in a supplemental brief contend that we should take judicial cognizance of the fact that an insurance agent

is obligated to pay the premiums due its principal by universal custom and that, therefore, this case is within the exception recognized in the Weisman Case. In the first place, we have no actual knowledge of the custom referred to and, therefore, cannot say it is sufficiently common usage to warrant judicial recognition, and, in the second place, the Weisman Case did not hold that a showing that an agent was responsible was sufficient, but that the agent should allege and prove that it was charged with and paid the premiums."

The relationship between an agent and his principal is a contractual one and the extent of the rights and duties of each is to be found in the express or implied terms of the agency contract. The record before us is devoid of proof of such rights and duties.

The policies involved were issued by the insurance companies — Burts only countersigned as "authorized representative."

The insurance contracts are between the insurance company and the insured; they expressly provide that the company:

" * * * agrees with the Insured, * * * in consideration of the payment of the premium * * *."

Thus it appears that the insured, the party whose duty it is to pay the premiums, is a party to a contract with the insurance company, which contract imposes upon the insured no obligation to the agent.

It may well be that an insured can discharge his contractual obligation to pay premiums due the company by paying its agent, but from that conclusion it does not follow that an agent may in his own name maintain an action to collect a premium due his principal.

The general rule of law governing the situation presented by this record is set forth in 44 C.J.S. 1339, Insurance, §358 (supported by numerous cited cases):

"Ordinarily insurer is the one to enforce liability for unpaid premiums. An agent of insurer usually does not have the right to sue in his own name to recover a pre-

mium, even as to a policy negotiated by him, and even where he is authorized to collect the premium, unless he is entitled thereto by way of assignment or subrogation. However, he may sue in his own name where the company holds him liable for premiums and he has paid the one in question, and an assignment is unnecessary to enable him to sue in his own name. Under some circumstances the agent may so recover, even though he has not actually paid the premium to the company. He may sue in his own name where he has become personally liable to insurer for the premium, as in the case of an agent under a duty to collect premiums, extending credit to insured for such premiums."

The same rule is found in Appleman on Insurance, Vol. 20, Sec. 11271.

Also, Rule 17(a), R.C.P. Colo., provides that:

"Every action shall be prosecuted in the name of the real party in interest; * * *."

For Burts to be relieved of the impediments of the general rule so as to entitle them to a recovery herein, it would be necessary for them to bring themselves within one of the exceptions set forth in 44 C.J.S., supra. This they failed to do.

The following language in the opinion in *Janvier v. Fritz,* supra, is applicable here:

"In the case at bar there is no showing by way of allegation or proof of any fact which would take this case out of the general rule that an agent cannot maintain a suit in its own name for an insurance premium due its principal."

Burts failed to prove that they were creditors of Baumgartner; consequently their complaint should have been dismissed and judgment entered for the defendant.

The judgment is reversed with directions to dismiss the action.

Mr. Justice Sutton and Mr. Justice McWilliams dissent.

Mr. Justice McWilliams dissenting:

Upon reconsideration, subsequent to the filing of a petition for rehearing, I find that I must now dissent from that to which I formerly agreed.

In my judgment the majority opinion disposes of this controversy by resolving an issue that was not *really* litigated in the trial court.

Examination of the reporter's transcript of the proceedings upon trial clearly indicates that it was Baumgartner's sole position as advanced by him throughout the trial that: (1) the debt for unpaid insurance premiums was that of Minerals Exploration Research Company (hereafter called Merco), a corporation; or (2) that the debt was that of Merco, a partnership, in which he was only a limited partner, and that in either event he as an individual was not liable. At no time during the actual trial of the case was there the slightest suggestion from Baumgartner that this undisputed debt for unpaid insurance premiums was not due the Burts, but to their principals. In arguing his motion to dismiss, interposed at the end of the Burts' case, Baumgartner candidly conceded that there was an indebtedness for unpaid insurance premiums, but in support of his motion he urged that the debt was not his, but that of the limited partnership or its successor corporation. In arguing this motion Baumgartner did *not* contend that the Burts had failed to make a prima facie showing that this debt was due them.

After the trial proper was concluded, the trial court took the matter under advisement and permitted counsel to file briefs. It was when these briefs were filed many weeks later that Baumgartner for the first time suggested that this debt was not due the Burts, but their principals. By that time the Burts were obviously in no position to offer evidence which conceivably could have completely annihilated this contention.

The Burts' complaint was for a debt due on what they

correctly described as an "open account." 44 C.J.S. p. 1337. By answer, Baumgartner denied all allegations in the complaint and affirmatively alleged that if he was in fact a partner in Merco, he was only a limited partner.

The evidence disclosed that the Burts, operating as a general insurance agency, sold and delivered numerous insurance policies of many different types to Merco, be it the partnership or the corporation, and that in return Merco paid the Burts the sum of approximately $2800 as a partial payment for premiums due. It was also established that some of these policies were cancelled by Merco before their expiration date and that in such instances Merco received payment or credits from the Burts in the approximate amount of $3400. There was no complaint that the Burts did not have the authority to effectuate this *return* of premiums, but only the belated complaint that the Burts were not the proper parties to successfully maintain an action for unpaid premiums. Moreover, it is of interest to note that the Burts testified that in 1957 Baumgartner acknowledged his preexisting indebtedness to the Burts and once again promised to pay them as soon as he in turn collected some of his own accounts receivable.

The majority opinion quite correctly recognizes that an agent of an insurance company can under some circumstances maintain an action in his own name for unpaid premiums. If the insured when sued for unpaid premiums wishes to put in issue the right or the capacity of the agent to maintain the action, or to contend that the agent is not the real party in interest and that his principal is an indispensible party, the better practice would seem to be that such claim be affirmatively pleaded. See Rules 8 (c), 9 (a) (1) and 17 (a), R.C.P. Colo.

Had this matter been thus raised either by pleading or by testimony even during the trial proper, then the Burts would have at least been afforded the opportunity to show, for example, that they had in fact already paid

their principals the premiums now sought to be recovered from Baumgartner, or that they had obligated themselves to so do, in which event the majority opinion recognizes that the Burts would then have the right to maintain the present action in their own names. The belated manner in which this issue was injected into the proceedings effectively precluded the Burts from even the opportunity to defend themselves.

MR. JUSTICE SUTTON states that he joins in this dissent.