No. 21171.

AURORA MOVING AND STORAGE CO., INC. *v.*
KENNETH K. KING, D/B/A COLUMBIA SERVICE AGENCY,
FORMERLY KNOWN AS KING AGENCY COMPANY.
(413 P.2d 461)

Decided April 18, 1966.     Rehearing denied May 9, 1966.

DAVID K. CALVERT, MICHAEL V. MAKAROFF, for plaintiff in error.

JOHN IACOPONELLI, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

THIS action was commenced by the defendant in error, hereinafter referred to as the plaintiff, who sought to

recover $2,019.50 from the Aurora Moving and Storage Co., Inc., which amount was alleged to be due and owing to him as insurance premiums on various insurance policies issued by The Employers Fire Insurance Company of Boston covering different phases of the business operation of the defendant company. At the time the policies of insurance were issued Interstate Agency, Inc., was the "Managing General Agent" for the company which issued the policies, and the plaintiff who did business under the name of Columbia Service Agency was the sub-agent of Interstate Agency, Inc. The plaintiff sold the insurance policies to the defendant.

There were five different classifications of coverage included in the policies. The total amount of premiums payable under the policies involved consideration of a "deposit premium," and an "additional premium for certificates and additional premiums due to audits," the amount of which varied with relation to the amount of business transacted by the Aurora Moving and Storage Co., Inc.

The defendant, upon the trial and in this court, defends on the ground that the plaintiff is not the real party in interest, and that the suit could only be maintained by the Employers Fire Insurance Company of Boston which is not a party to the action. Following trial to the court judgment was entered for the plaintiff, and the defendant seeks reversal of that judgment by writ of error.

The case of *Baumgartner v. Burt,* 148 Colo. 64, 365 P.2d 681, is relied on by the defendant as authority supporting its position. The opinion of this court in that case quotes from 44 C.J.S. 1339, Insurance, § 358, as follows:

" 'Ordinarily insurer is the one to enforce liability for unpaid premiums. An agent of insurer usually does not have the right to sue in his own name to recover a premium, even as to a policy negotiated by him, and even where he is authorized to collect the premium,

unless he is entitled thereto by way of assignment or subrogation. However, he may sue in his own name where the company holds him liable for premiums and he has paid the one in question, and an assignment is unnecessary to enable him to sue in his own name. Under some circumstances the agent may so recover, even though he has not actually paid the premium to the company. He may sue in his own name where he has become personally liable to insurer for the premium, as in the case of an agent under a duty to collect premiums, extending credit to insured for such premiums.' "

In *Baumgartner v. Burt, supra,* there was no evidence bringing the case within any exception to the rule that "Ordinarily insurer is the one to enforce liability for unpaid premiums." In the instant case, however, an entirely different set of facts is involved. We have read the full record and considered the contents of numerous exhibits received in evidence, from which it appears that the trial court was justified in finding as a matter of fact that the plaintiff had brought himself within well recognized exceptions to the rule upon which the defendant relied. The sole contention of counsel for the defendant is that there is a lack of evidence authorizing a recovery by the plaintiff. We hold that this contention is untenable.

The judgment accordingly is affirmed.

Mr. Justice Pringle and Mr. Justice Schauer concur.