Mr. Justice Groves
delivered the opinion of the Court.
The plaintiffs (plaintiffs in error here) brought an action against the defendant school district and others to collect damages for the alleged wrongful death of their son. The court granted a motion for summary judgment in favor of the school district on the ground of governmental immunity and the amended complaint was dismissed as to it. The school district is the only defendant in error in this proceeding. The only issue we are called upon to decide is whether we shall continue to follow the doctrine of governmental immunity as to school districts.
There has been cited 1965 Perm. Supp., C.R.S. 1963, 123-30-10 (23) and (24), and 123-30-11 authorizing boards of education of school districts to procure liability insurance and providing that each policy shall contain a condition that the insurer shall not assert the defense of sovereign immunity. It has been argued that this statute abrogates the doctrine of governmental immunity. We have not considered this argument and we do not pass on the issue. Our ruling is upon a broader ground.
For the reasons expressed in Evans v. County Commissioners, 174 Colo. 97, 482 P.2d 968, announced contemporaneously with this opinion, we hold that the court-made doctrine of governmental immunity of school districts is overruled. As to the parties to this proceeding and the two contemporaneous proceedings (Evans, supra, and Proffitt v. State of Colorado, 174 Colo. 113, 482 P.2d 965) this decision is effective immediately. As to all other causes of action the ruling shall be prospective and shall be effective only as to causes of action arising after June 30, 1972.
The other defendants in the district court action were Deloris I. Sayles (Sayles), Robert McComas (McComas) and Kenneth E. Oberholtzer (Oberholtzer). Following the entry of summary judgment in favor of the school district, the plaintiffs filed a second amended complaint *112 in which they alleged the following: that McComas was the principal of the junior high school in Denver School District No. 1 attended by their son, David, and that Oberholtzer was the superintendent of schools for School District No. 1; that at the time of his death David was a member of a physical education class crossing Colorado Boulevard at its intersection with Fourteenth Avenue; that at this time and place, maliciously and with a willful and wanton disregard of the rights and feelings of the plaintiffs and of David, Sayles drove her automobile so negligently that it struck David; that McComas and Oberholtzer negligently failed to provide adequate care, control and supervision of David, negligently failed to provide a safe way for David to cross Colorado^ Boulevard, negligently failed to protect David against the danger of moving automobiles at the intersection, negligently failed to assign more than one teacher to assist David and other students to cross Colorado Boulevard, and negligently failed to provide him a safe place to study, play and otherwise participate in school activities.
The court granted a motion of McComas and Oberholtzer for judgment on the pleadings and dismissed the second amended complaint as to them. The plaintiffs have sued out a writ of error (Supreme Court No. 23510) and the matter now stands here at issue but undecided. It is there argued by McComas and Oberholtzer that under the allegations of the pleadings it is shown that the acts of Sayles were the proximate cause of David’s death and that Sayles’ acts constituted an efficient intervening cause of the death. We mention these matters involved in the other action for the following reason. While the result to be reached there has not yet been determined by this court, nevertheless, in the event we affirm the judgment in favor of McComas and Oberholtzer on the basis of the causation argument, it would seem that the school district would be entitled to like treatment upon that ground; and, if so, while our ruling against governmental immunity of school districts will stand, the instant *113 opinion will constitute a Pyrrhic victory for the plaintiffs.
The judgment is reversed and the cause remanded with instructions to deny the motion for summary judgment and to reinstate the amended complaint insofar as it relates to the defendant school district.
Mr. Justice Day and Mr. Justice Kelley dissent for the reasons expressed in their dissents filed in Evans v. County Commissioners, supra.