544 P.2d 649 (1975)
Roy FLOURNOY and Ruth Flournoy, Plaintiffs-Appellants,
v.
Delores I. SAYLES et al., Defendants, and
School District Number One in the City and County of Denver and State of Colorado, Defendant-Appellee.
No. 75-134.
Colorado Court of Appeals, Div. III.
October 23, 1975.
As Modified on Denial of Rehearing November 20, 1975.
*650 Walter L. Gerash, P. C., Walter L. Gerash, Thomas Frank, Denver, for plaintiffs-appellants.
Henry, Cockrell, Quinn & Creighton, Michael H. Jackson, Peter J. Wiebe, Jr., Edward J. Lemons, Denver, for defendant-appellee.
Selected for Official Publication.
PIERCE, Judge.
This is an appeal from a summary judgment entered in favor of defendant School District Number One (the District). We affirm.
This action was initiated after plaintiffs' son David was killed when struck by an automobile driven by defendant Sayles. The accident occurred when David, a student at Gove Junior High School, was attempting to cross Colorado Boulevard in order to reach the school playground during *651 a regularly scheduled gym class. Plaintiffs' amended complaint alleged as a first claim for relief that their son had been killed as a result of the negligence of defendant Sayles in the operation of a motor vehicle. As a claim for relief against defendant McComas, then the principal of the school, the plaintiffs alleged that McComas had committed numerous acts of negligence while acting as an agent of the defendant District with regard to the supervision of the school, which acts resulted in David's death.
The plaintiffs' third claim for relief was against the District and defendant Oberholtzer, who was at that time the Superintendent of the District. This claim alleged that Oberholtzer and the District were in charge and in control of the operations of the school, the faculty, and defendant McComas, and that the agents, servants and employees of Oberholtzer and the District, acting within the scope of their employment, negligently failed to provide a sufficient staff to supervise Gove students properly in crossing Colorado Boulevard.
The trial court granted summary judgment in favor of the District on the basis of governmental immunity. On appeal, the Colorado Supreme Court abrogated the doctrine of governmental immunity, reinstating the amended complaint insofar as it related to the District. Flournoy v. School District Number One, 174 Colo. 110, 482 P.2d 966. Meanwhile, the amended complaint as it pertained to defendants McComas and Oberholtzer was dismissed upon their motion for judgment on the pleadings.
Prior to the announcement of Flournoy v. School District Number One, supra, a second amended complaint was filed, in which the plaintiffs asserted claims for relief against only defendants Sayles, McComas, and Oberholtzer. The trial court subsequently granted McComas and Oberholtzer judgment on the pleadings. The Supreme Court again reversed, holding that although governmental officials are not liable under the doctrine of respondeat superior for the negligence of public employees, they may nonetheless be liable for their own negligence. Flournoy v. McComas, 175 Colo. 526, 488 P.2d 1104. Further, the court held that the allegations in the second amended complaint were sufficient to state a possible cause of action based on the individual negligence of McComas and Oberholtzer, noting in passing the non-applicability of the doctrine of respondeat superior to public officials. However, the court did not decide whether McComas or Oberholtzer had failed to exercise due care in the performance of their official duties; rather, the decision went no further than to hold that the two officials were not entitled to judgment on the basis of the pleadings alone. The court indicated, however, that the claim for relief asserted against McComas and Oberholtzer might be capable of resolution on a motion for summary judgment.
After remand, the defendants McComas and Oberholtzer moved for summary judgment. The trial court granted the motion, dismissing them from the litigation. The propriety of summary judgment as to those two defendants was not appealed.
The defendant District subsequently moved for summary judgment. The motion was granted by the trial court, and constitutes the subject matter of this appeal. Plaintiffs contend that summary judgment was improperly granted as there remains a material issue of fact pertaining to the issue of causation. They contend that the defendant District was not entitled to judgment as a matter of law, in that the District was responsible under the doctrine of respondeat superior for the acts of administrators and teachers under its employ and control. A further contention is that the first amended complaint, which was reinstated by the Supreme Court and which is the only pleading directly relevant to this proceeding, alleges independent acts of negligence on the part of the District such that the dismissal of defendants McComas *652 and Oberholtzer does not compel summary judgment in favor of the District. We disagree.
The issues of fact regarding the causation of the accident are material only if there exists some legal basis upon which liability could be asserted against the defendant District. Plaintiffs assert that liability can properly be assessed in this case on the basis of both respondeat superior and negligence. Our review of the first amended complaint, however, reveals that the claims for relief asserted against the defendant District are based wholly on respondeat superior, and not on any individual acts of negligence by the District.
The complaint alleges that Oberholtzer was the Superintendent of Schools for the District, and was acting as an agent, servant, and employee on behalf of the District, and was in charge and in control of the functions and operations of Gove Junior High School. The complaint further asserts that certain unnamed agents, servants, and employees of Oberholtzer and the School District, acting within the course of their employment, carelessly and negligently failed to provide the school with a staff sufficient to provide the students with adequate supervision while crossing Colorado Boulevard. Thus, it is apparent that the District was charged only as an employer, under the doctrine of respondeat superior. See Willy v. Atchison, Topeka & Santa Fe Ry., 115 Colo. 306, 172 P.2d 958.
In this regard the unappealed dismissal of Oberholtzer and McComas is critical. Despite the argument of the plaintiffs to the contrary, the granting of the motion for summary judgment in favor of these two defendants acted as a dismissal upon the merits. See C.R.C.P. 56(c); Texair Flyers, Inc. v. District Court, 180 Colo. 432, 506 P.2d 367.
The consequence of the unappealed dismissal of McComas and Oberholtzer is that the District is entitled to like treatment. See Flournoy v. School District Number One, supra; and Broadway Roofing & Supply, Inc. v. District Court, 140 Colo. 154, 342 P.2d 1022. Where the cause of action asserted against the employer rests in respondeat superior and not on an individual act of negligence, a judgment on the merits favorably absolving the employees of responsibility acts as a bar to an action against the employer. Willy v. Atchison, Topeka & Santa Fe Ry., supra; Freeman v. Churchill, 30 Cal.2d 453, 183 P.2d 4. See Richardson v. Erwin, 174 Kan. 314, 255 P.2d 641; and Will v. Southern Pacific Co., 18 Cal.2d 468, 116 P.2d 44. The summary judgment in favor of Oberholtzer and McComas is tantamount to a final determination that there is no cause of action against the District, because that judgment exonerated the only employees of the District truly charged or chargeable with individual acts of negligence under the first amended complaint. Willy v. Atchison, Topeka & Santa Fe Ry., supra. Hence, the District was entitled to judgment as a matter of law.
Judgment affirmed.
VanCISE and STERNBERG, JJ., concur.