Donald L. CHENEY and Alma C. Cheney, Plaintiffs-Appellees,

v.

Jack HAILEY and American Red Ball Transit Company, Inc., a corporation, Defendants-Appellants,

and

Nathaniel Johnson, Defendant.

No. 82CA1225.

Colorado Court of Appeals, Div. II.

Feb. 23, 1984.

Rehearing Denied March 22, 1984.

Certiorari Denied Aug. 13, 1984.

David L. Kofoed, Denver, for plaintiffs-appellees.

Jeffrey R. Wheeler, Colorado Springs, for defendant-appellant Jack Hailey.

Rector, Retherford, Mullen & Johnson, J. Stephen Mullen, Neil C. Bruce, Colorado Springs, for defendant-appellant American Red Ball Transit Co., Inc.

BABCOCK, Judge.

Following jury trial in this negligence action, judgment was entered upon the jury's verdict against defendants, Jack Hailey and American Red Ball Transit Company, Inc., and in favor of plaintiffs, Donald L. Cheney and Alma C. Cheney. On appeal, Hailey and American Red Ball raise numerous contentions of error. We affirm.

The action arose from a motor vehicle accident which occurred in July 1978, approximately 1½ miles south of Colorado Springs, involving Donald Cheney and Nathaniel Johnson. The vehicle driven by Johnson was owned by Hailey. Johnson was hired and paid a salary by Hailey, but was in Colorado Springs at the direction of American Red Ball, which had leased from Hailey the vehicle operated by Johnson at the time of the accident.

Plaintiffs alleged that the accident was caused by Johnson's negligent operation of the vehicle and that Hailey and American Red Ball, as Johnson's employers, were vicariously liable for his negligence under the doctrine of respondeat superior. Johnson, Hailey, and American Red Ball were named as defendants.

In March 1982, counsel for Johnson and Hailey filed a motion for substitution of parties on the ground that Johnson had been killed in an automobile accident in Texas. A second motion for substitution of parties based on the same ground was filed by plaintiffs in May 1982. During pretrial conference on May 7, 1982, the trial court granted the motion and instructed plaintiffs to arrange to have a personal representative appointed in Texas, the situs of Johnson's estate, and substituted as a party-defendant in this action. Plaintiffs failed to do so.

Consequently, on August 3, 1982, the first day of trial, the trial court dismissed the action as to Johnson pursuant to C.R. C.P. 25(a)(1). The trial court did not provide that the dismissal was without prejudice or otherwise specify that it would not act as an adjudication on the merits. Judgment of dismissal was duly entered upon the register of actions pursuant to C.R.C.P. 58.

At the close of plaintiffs' case, American Red Ball moved for directed verdict on the ground that Johnson was not an agent of American Red Ball, but rather an independent contractor. In addition, Hailey and American Red Ball jointly moved for direct-

ed verdict on the ground that plaintiffs' failure to make a substitution in a timely fashion under C.R.C.P. 25(a)(1) operated as a dismissal on the merits which barred an action resting in respondeat superior against Hailey and American Red Ball. Both motions were denied by the trial court.

## I.

American Red Ball asserts that the trial court erred in ruling as a matter of law that its relationship with Johnson was one of agency and by instructing the jury that an agency relationship existed. We disagree.

■ An agency is created by an agreement wherein the parties agree that one is to act for the other. *Colo.J.I.* 7:3 (2d ed. 1980); *see Baumgartner v. Burt*, 148 Colo. 64, 365 P.2d 681 (1961); *Shriver v. Carter*, 651 P.2d 436 (Colo.App.1982). The existence of an agency relationship may be established by the conduct of the parties. *Shriver v. Carter, supra*. Generally, determination of the existence of an agency relationship is for the jury. *Shriver v. Carter, supra*. However, if the facts are undisputed or are not conflicting, the trial court should determine the question as a matter of law. *Smith v. Davis*, 67 Colo. 128, 186 P. 519 (1920); *Butler v. Colorado International Pancakes, Inc.*, 510 P.2d 443 (Colo.App.1973) (not selected for official publication).

During trial, Johnson's deposition was admitted into evidence. In the deposition, Johnson stated that an American Red Ball agent instructed him to drive to Colorado Springs to "pick up a load of 6,000 pounds going to Utah." This evidence was corroborated by the testimony of an operations manager for American Red Ball, as well as by a stipulation entered into by the parties "that Johnson was sent to Colorado Springs as a directive [sic] of American Red Ball Company."

■ This evidence, which is neither disputed nor conflicting, establishes an agreement between American Red Ball and John-

son wherein Johnson agreed to act on behalf of American Red Ball. Therefore, the trial court did not err in determining as a matter of law that an agency relationship existed.

■ American Red Ball also contends that the trial court erred in denying its motion for directed verdict and in failing to instruct the jury upon its theory of the case. Each of these contentions is based on American Red Ball's claim that Johnson was an independent contractor. Because an agency relationship existed, American Red Ball was vicariously liable whether or not Johnson was in fact an independent contractor. *See Restatement (Second) of Agency* § 14N (1958); *Colo.J.I.* 7:7 (2d ed. 1980). Therefore, it is unnecessary to address these contentions on review.

## II.

Hailey and American Red Ball contend that the trial court erred in denying their motion for directed verdict based on plaintiffs' failure to make a substitution of parties in a timely fashion under C.R.C.P. 25(a)(1). They claim that Johnson's dismissal was an adjudication upon the merits which barred an action resting in respondeat superior against Hailey and American Red Ball. We do not agree.

■ An order of dismissal under C.R.C.P. 25(a)(1) for failure to make a timely substitution falls within the purview of C.R.C.P. 41(b)(1). *Jernigan v. Collier*, 131 Ga.App. 162, 205 S.E.2d 450 (1974); *Eastern Credit Ass'n, Inc. v. Braxton's Estate*, 215 A.2d 485 (D.C.1965); 3B *Moore's Federal Practice* § 25.06[3] (2d ed. 1976); *cf. Vigil v. Lewis Maintenance Service, Inc.*, 38 Colo.App. 209, 554 P.2d 703 (1976).

C.R.C.P. 41(b)(1) provides, in pertinent part:

"*[U]nless the court in its order for dismissal otherwise specifies*, a dismissal under this section (b) and *any dismissal not provided for in this Rule*, other than a dismissal for lack of jurisdiction, for failure to file a complaint under Rule 3, or for failure to join a party under

Rule 19, *operates as an adjudication upon the merits."* (emphasis added)

Here, the order of dismissal as to Johnson did not specify that it was without prejudice or otherwise than on the merits. Therefore, under C.R.C.P. 41(b)(1), that dismissal operates as an adjudication upon the merits as to the claim only against Johnson.

In reliance on *Flournoy v. Sayles,* 37 Colo.App. 67, 544 P.2d 649 (1975), Hailey and American Red Ball argue that plaintiffs are barred from asserting claims resting in respondeat superior against them. We disagree.

In *Flournoy,* this court held:

"Where the cause of action asserted against the employer rests in respondeat superior and not on an individual act of negligence, a judgment on the merits *favorably absolving the employees of responsibility* acts as a bar to an action against the employer.... The summary judgment in favor of [employees] is tantamount to a final determination that there is no cause of action against [employer] because *the judgment exonerated the only employees ... chargeable with individual acts of negligence* under the first amended complaint. (emphasis added)

Unlike a motion for summary judgment wherein the substantive elements of the cause of action are determined by the trial court as a matter of law, *see Flournoy v. Sayles, supra,* a motion for dismissal under C.R.C.P. 25(a)(1) simply involves determination of compliance with the procedural mechanisms for substitution of parties when a death occurs during the pendency of litigation. *See Smith v. Bridges,* 40 Colo.App. 171, 574 P.2d 511 (1977). And, we note that failure to join Johnson when the action was commenced would not have barred plaintiffs' claims against Hailey and American Red Ball based on respondeat superior. *Vendrell v. School Dist. No. 26, Malheur County,* 226 Or. 263, 360 P.2d 282 (1961). Therefore, a dismissal as to Johnson only under C.R.C.P. 25(a)(1) does not favorably absolve or exonerate the remaining parties of responsibility for Johnson's actions, and *Flournoy* is inapplicable.

Consequently, we hold that the dismissal of Johnson did not bar plaintiffs' claims for relief based on respondeat superior asserted against Hailey and American Red Ball.

### III.

Hailey and American Red Ball also contend that the trial court erred in admitting hearsay testimony of the nurses attending Johnson upon his arrival at the hospital. The trial court admitted the testimony under the spontaneous present sense impression, excited utterance, or the then existing mental, emotional, or physical condition exception to the hearsay rule under CRE 803. We conclude that the testimony was properly admitted as excited utterances under CRE 803(2).

An excited utterance is a "statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." *Kielsmier v. Foster,* 669 P.2d 630 (Colo.App.1983); CRE 803(2). Contemporaneity of the event and the assertion is not required for admission of evidence under this exception. *Lancaster v. People,* 200 Colo. 448, 615 P.2d 720 (1980); *People v. Handy,* 657 P.2d 963 (Colo.App.1982). Rather, the spontaneous character of the statement and its natural effusion from a state of excitement are the critical considerations in determining its admissibility. *Lancaster v. People, supra.*

Here, the statements were made by Johnson immediately upon arrival at the hospital following a massive truck accident which demolished both vehicles and exposed him to dangerous chemicals. The nurses testified that Johnson was upset and crying at the time the statements were made. This evidence is sufficient to support the conclusions that Johnson was under continuing stress, that the statements and the exciting event were of sufficient

temporal proximity to allow the assumption that the exciting influence remained, and that the statements were the natural effusion from the state of excitement.

Additionally, Hailey and American Red Ball contend that the trial court erred in allowing plaintiff to testify in the form of an opinion on subject matter reserved for experts. Again, we disagree.

During direct examination, plaintiff was asked to explain what was depicted in a photograph of the scene of the accident which had been admitted into evidence. In response, he testified that he believed certain skidmarks were made when his truck jackknifed after the initial impact with Johnson's vehicle.

CRE 701 provides:

"If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue."

■ Here, plaintiff was at the scene of the accident. His testimony as to what was depicted in the photograph of the scene was based on his perception of the accident. Moreover, it served to facilitate a clear understanding of his testimony as to how the accident happened. Hence, admission of this testimony did not constitute error. *Kielsmier v. Foster, supra.*

### IV.

Hailey and American Red Ball argue that the damages awarded plaintiff, $244,000, are excessive as a matter of law. We cannot agree.

■ The assessment of damages in a personal injury case is within the exclusive province of the jury and will not be disturbed on review absent a showing that the amount is the result of passion or prejudice or is grossly and manifestly excessive. *Bradfield v. Ringsby Truck Lines, Inc.,* 37 Colo.App. 123, 546 P.2d 500 (1975), *aff'd in part, rev'd in part,* 193 Colo. 151, 563 P.2d 939 (1977).

■ Here, there was evidence showing that the injuries sustained by plaintiff were permanent, that plaintiff was forced to liquidate his trucking business because he could no longer drive a truck for an extended period of time, that plaintiff was unable to secure employment which would produce equivalent income, and that plaintiff was no longer able to pursue the recreational activities in which he had engaged prior to the accident. Under these circumstances, we cannot say that the amount of damages awarded is the result of passion or prejudice or that it is grossly and manifestly excessive.

### V.

Hailey and American Red Ball finally contend that the trial court erred in refusing to strike the introductory portion of Johnson's deposition which revealed that it was being taken at the Texas State Penitentiary. They argue that this evidence was irrelevant and prejudicial.

■ The admission of irrelevant evidence does not constitute grounds for reversal if it does not affect the substantial rights of the parties. C.R.C.P. 61; *see Fry Roofing Co. v. Department of Health,* 179 Colo. 223, 499 P.2d 1176 (1972); *Kerby v. Flamingo Club, Inc.,* 35 Colo.App. 127, 532 P.2d 975 (1974).

■ Here, Hailey and American Red Ball have failed to establish that the evidence of the location of the deposition affected their substantial rights. The evidence indicated only that Johnson was being deposed at the penitentiary, not that he was serving a sentence. Moreover, evidence concerning Johnson's prior felony conviction, also contained in the deposition, was properly admitted without objection for impeachment purposes. Section 13–90–101, C.R.S. Under these circumstances, we conclude that the admission of evidence revealing the location of Johnson's deposition constitutes harmless error and does not require reversal.

The judgment of the trial court entered upon jury verdict is affirmed.

BERMAN and KELLY, JJ., concur.