No. 18,950.

GEORGE E. DAVIS *v.* JOHN KLAES, ET AL.

(346 P. [2d] 1018)

Decided November 16, 1959.    Rehearing denied December 14, 1959.

Mr. Albin Anderson, for plaintiff in error.

Mr. Isaac S. Willson, Messrs. Scott & Phillips, for defendants in error.

*En Banc.*

Mr. Justice Day delivered the opinion of the Court.

It is admitted in his brief that "the only ground upon which plaintiff in error Davis can prevail is that the judgment entered against him is void."

QUESTION TO BE DETERMINED.

*When a defendant, who is present in court to hear the date to which his cause has been continued for trial, fails to appear on the day of the trial, is the judgment entered upon the same day of his non-appearance subject to the three day notice requirement with respect to default as provided in R.S.P. 55 (b) (2)?*

This question is answered in the negative.

The judgment to which this writ of error is directed was entered when Davis, who was a defendant in the trial court, failed to appear for trial on the appointed day. He had made a general appearance and filed an answer to the complaint. Defendant had personal knowledge of the day set for trial, having been in attendance on a previous date when the court announced a continuance to the date on which trial was had and judgment entered. His counsel had withdrawn from the case a month earlier, and Davis, in the interim, had not obtained new counsel. By phone on the appointed day Davis had contacted the presiding judge whose duty it was to assign the case to one of the district court divisions for trial. He orally requested a continuance, which was denied.

The trial court, on noting the absence of defendant or any counsel to represent him, made diligent inquiry as to whether the defendant knew his cause had been set

for trial, was advised of the phone call to the presiding judge by statements of plaintiffs' counsel, and ordered the trial to proceed. Although the transcript discloses that plaintiffs' counsel requested that "default" be entered and the usual formal words used by the clerk in entering "default judgments" are to be found in the record, we find that immaterial. It is also in the record that "trial to the court was held this date." From a study of the transcript, what actually happened is that the trial proceeded, the plaintiffs testified, the appropriate exhibits were marked and entered in the record, and upon conclusion of the plaintiffs' case the court entered judgment. Eight days thereafter the defendant appearing pro se filed a motion to set aside the judgment on the ground of inadvertence and excusable neglect. After hearing on the motion the trial court, in its discretion, determined that the defendant's neglect was not excusable and refused to set aside the judgment. Defendant is in this court and for the first time attacks the judgment on the ground that it was void. If his contention is good, the validity of the judgment could be attacked at any time. *Geisler v. People,* 135 Colo. 121, 308 P. (2d) 1000.

This precise question has not been answered by this court in any previous case. Heretofore on the question of failure of the trial court to give the three day notice provided by the rule, the factual situations have had some distinguishing characteristics. In the cases either no date was set for trial, or, if a trial date was set, the defaulting party had no notice thereof, actually or constructively. In one case default judgment was entered for failure to respond to a deposition. Therefore the controlling situation presented in those cases was the element of surprise and the defaulting parties were not given the notice provided by the rules. It is understandable, therefore, to find language in the cases holding that judgment under the circumstances ought not be allowed to stand. See *Thompson v. McCormick,* 138 Colo.

434, 335 P. (2d) 265; *Salter v. Jefferson County,* 126 Colo. 39, 246 P. (2d) 890; *Holman v. Holman,* 114 Colo. 437, 165 P. (2d) 1015; *Emerick v. Emerick,* 110 Colo. 52, 129 P. (2d) 908.

In the instant case we hold that the judgment entered by the court is not a default judgment as contemplated by Rule 55. On the date of the trial, previously set on notice to the parties, or, as in this case, on agreement of the parties, the convening of the court is a solemn occasion. Under such circumstances, we can find no logical reason to hold that when the court calls the parties to the bar and one of them fails to respond, his failure to appear entitles him to additional notices and additional considerations by the court. The taking of evidence and entry of judgment on that date in the absence of one of the parties who knows his case is set for trial is not a proceeding under the default provisions of the rules, but is, in fact, a trial on the merits.

Our neighbors to the south, the Supreme Court of New Mexico, were confronted with an identical situation in *State Collection Bureau v. Roybal,* 64 N. M. 275, 327 P. (2d) 337. There the court aptly, and we think correctly, said:

"The rule has no application. It deals with applications for default judgments. Compare Adams & McGahey v. Neill, 58 N.M. 782, 276 P. (2d) 913, 51 A.L.R. 2d 830, where we reversed for noncompliance with the three day notice provision. The difference in the cases readily becomes apparent. In the reported case, a default judgment was entered. The judgment herein was on the merits after due notice."

The judgment is affirmed.