Joseph J. NEUNER, Sr. and Emily L. Neuner, Plaintiffs,

v.

Billy Gene CLINKENBEARD, Jr., Defendant.

No. CIV–78–0243–D.

United States District Court, W. D. Oklahoma.

Nov. 9, 1978.

Howard K. Berry, Jr., and Howard K. Berry, III, Oklahoma City, Okl., for plaintiffs.

Kenneth N. McKinney and George D. Davis, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

Upon consideration of the Plaintiffs' Motion For New Trial with supporting Brief and the Response of the Defendant in opposition thereto, the Court finds that said Motion should be overruled.

### 1.

■ Plaintiffs complain of the Court allowing in evidence the statements of John Jeter made to the investigating police officer. Federal Rules of Evidence 803(2) provides that an "excited utterance" is not excluded by the hearsay rule as follows:

(2) *Excited utterance.* A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.

Around seven minutes after the accident Jeter made a statement to an investigating police officer. It related to a startling event, namely, the accident in which Plaintiffs' decedent was killed. Jeter, the companion of Plaintiffs' decedent at the time, was in the accident and made statements to said officer which were inculpatory of himself and Plaintiffs' decedent regarding said accident.

The Court determined that the elements of Federal Rules of Evidence 803(2) were present regarding these statements of Jeter and allowed them in evidence. It would be difficult to find a more classic example of an "excited utterance" made admissible under said Rule than the circumstances of this case present regarding the statements of Jeter.

It is not believed that error was committed in this regard, as urged by Plaintiffs, as the Court deemed such statements to have the requisite truthfulness under said Rule.

### 2.

■ The Defendant pled nolo contendere to a criminal charge regarding the accident. Plaintiffs urge that this plea should have been admitted in evidence as "an admission by a party opponent". However, Federal Rules of Evidence 410 provides in part as follows:

"Except as otherwise provided by Act of Congress, evidence of a plea of guilty, later withdrawn, or a plea of nolo contendere, or of an offer to plead guilty or nolo contendere to the crime charged or any other crime, or of statements made in connection with any of the foregoing pleas or offers, is not admissible in any civil or criminal action, case, or proceeding against the person who made the plea or offer."

Under this Rule the evidence was not admissible and the Court properly excluded the same. Defendant's plea was unquestionably one of nolo contendere. The fact that the word *guilty* appeared in the body of the form used in the plea did not change the nature of Defendant's plea. In any event it was a statement made in connection with a plea of nolo contendere. Under the above Rule Defendant's plea of nolo contendere or any of the contents of the plea was not admissible in this trial.

### 3.

■ Plaintiffs claim that the verdict of the jury was inadequate, unconscionable and against the weight of the evidence. The jury awarded Plaintiffs their medical and burial expenses but awarded no damages for the claimed pecuniary loss of contributions and services which they would

**56**

have received in the future from their adult son.

The non-allowance of damages for such pecuniary loss is not contrary to the evidence but is supported by substantial evidence in the record. The decedent had always kept his earnings both as a minor and during his adult years. His services to the Plaintiffs were mostly yard work not likely to prevail in future years. The Court should not disturb this decision of the jury under the evidence. *See Cooper v. Woodruff,* 357 P.2d 969 (Okl.1960); *Missouri, Kansas and Oklahoma Transit Lines, Inc. v. Jackson,* 442 P.2d 287 (Okl.1968) and *Wright v. Central Oklahoma Milk Producers Association,* 509 P.2d 464 (Okl.1973).

Accordingly, in the discretion of the Court Plaintiffs' Motion For New Trial is denied this 9th day of November, 1978.