**Jeffrey KIELSMIER, Plaintiff,**

**and**

**Jeanette Riedel, Plaintiff-Appellant,**

**v.**

**Hugh B. FOSTER, Defendant-Appellee.**

**No. 80CA1273.**

Colorado Court of Appeals,
Div. III.

July 21, 1983.

Cairns & Wylder, P.C., Earl S. Wylder, Richard H. Cairns, Denver, for plaintiff-appellant.

Frank X. Dwyer, Denver, for defendant-appellee.

VAN CISE, Judge.

This is an action brought by plaintiffs, Jeffrey Kielsmier and Jeanette Riedel, for damages for their personal injuries resulting from a motorcycle/automobile collision allegedly caused by the negligence of the driver of the automobile, defendant, Hugh B. Foster, in failing to yield the right of way at a stop sign. Trial was to a jury, which returned a verdict in favor of defendant. Plaintiff Riedel, the passenger on the motorcycle, appeals the judgment entered against her on that verdict. We affirm.

The accident occurred in May 1978. The evidence established that it was dusk but was not dark. Defendant, traveling northbound, stopped at an intersection, did not see any traffic coming from either east or west, and proceeded partly into the intersection. At that point he heard a motorcycle and stopped. Approximately 10 to 15 seconds later, the motorcycle, coming from the west, collided with the front end of his car. Skid and gouge marks indicated the motorcycle had been braked and then laid on its side before it collided with the automobile.

In July 1978 the complaint in this action was filed by plaintiffs, with one attorney representing both. Defendant answered and filed a counterclaim against plaintiff Kielsmier, the driver of the motorcycle, for the damage to defendant's car. Kielsmier, through the same attorney, replied to the counterclaim. The case was set for trial May 29, 1980.

In April 1980 present counsel entered their appearance as attorneys for both plaintiffs. On May 5, the original attorney filed a motion to withdraw. On May 29, the trial day, plaintiffs' attorneys moved to withdraw as attorneys for Kielsmier. Defense counsel advised that there was a counterclaim pending against Kielsmier, and that he had no objection to the withdrawal so long as the forthcoming trial included Kielsmier. The court granted the withdrawal motions, reset the trial date to July 31, and directed that trial include the matters pertaining to Kielsmier.

On the new trial date, Kielsmier was not present and it was represented that his whereabouts were unknown. Riedel's attorneys, who had formerly represented both plaintiffs, made oral motions for severance of Kielsmier's claims from Riedel's and for a default against Kielsmier. Defendant objected, and both motions were denied.

I.

Riedel first contends that the court erred in denying her motion for a default against Kielsmier. We disagree. Kielsmier had filed a complaint and a reply through his former attorneys. Those pleadings were not affected by the attorneys' withdrawal. Therefore, he was not in default. C.R.C.P. 55(a). Not being present at the trial is not an act of default as contemplated under the rule. *See Sunshine v. Robinson,* 168 Colo. 409, 451 P.2d 757 (1969); *Davis v. Klaes,* 141 Colo. 19, 346 P.2d 1018 (1959). Also, since Riedel had not sought

any affirmative relief from Kielsmier and, in fact, had joined her own claim with his, she had no standing to ask for a default or a default judgment as to him. The motion was properly denied.

## II.

■ Riedel next contends that the court erred in denying her motion for severance, so that she could have her claim tried separately from the claim of Kielsmier. We disagree.

C.R.C.P. 42(b) provides:

"The court in furtherance of convenience, or to avoid prejudice, or when separate trials will be conducive to expedition or economy may order a separate trial of any separate issue or of any number of claims, cross claims, counterclaims, third-party claims, or issues."

This rule is permissive and not mandatory, and the trial court has wide discretion in its application. *Sutterfield v. District Court,* 165 Colo. 225, 438 P.2d 236 (1968); *Moseley v. Lamirato,* 149 Colo. 440, 370 P.2d 450 (1962). Its ruling will not be overturned on review absent a clear showing that there was an abuse of discretion. *Moseley, supra.*

■ In the present case, two years had elapsed between the time the case was "at issue" and the time when it came to trial. Riedel made no request for a separate trial until the morning of trial. This is similar to the situation in *Moseley, supra,* where the time delay was seven months and the request for a new trial was made just prior to impaneling the jury. Nevertheless, Riedel argues that the time delay here is irrelevant since she did not have any reason to make her motion for severance until the morning of trial because that is when Kielsmier failed to be present. However, plaintiffs' attorneys were granted permission to withdraw as Kielsmier's attorney three months earlier because his whereabouts were unknown; therefore, his not being present for trial could have been anticipated.

Also, the claims of both plaintiffs arose out of one common occurrence—the accident—and the interests of convenience, expedition, and economy would be disserved by two trials involving the same set of facts. Riedel chose the initial joinder; she is in no position to claim prejudice from being required to proceed. The court did not abuse its discretion in denying severance.

## III.

■ Riedel next contends that the trial court erred in admitting the testimony of an ambulance driver concerning alleged statements made to him by Kielsmier out of the presence of Riedel. We do not agree.

Over objection, the ambulance driver testified that at the scene of the accident Kielsmier told him that: (1) he had seen defendant's car stop and start to pull out; (2) he "didn't know what he was going to do" and laid the bike down; (3) he "couldn't control" the bike at the speed he was traveling; (4) he "didn't know why" he laid the bike down.

Even if we accept Riedel's argument that the statements of one plaintiff are not *ipso facto* admissible against a co-party, here these statements come within the excited utterance exception to the hearsay rule. CRE 803(2). *Hilyer v. Howat Concrete Co.,* 578 F.2d 422 (D.C.Cir.1978); *Neuner v. Clinkenbeard,* 466 F.Supp. 54 (W.D.Okl. 1978). These were statements "relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition," and were therefore admissible. *Iacino v. Brown,* 121 Colo. 450, 217 P.2d 266 (1950); *Thomas v. Goodman,* 52 Ill.App.3d 774, 8 Ill.Dec. 852, 365 N.E.2d 1314 (1977).

## IV.

■ Riedel claims that the court erred in admitting defendant's testimony concerning a statement made by her, which he overheard, in which she said "that she did not remember anything about the accident except what her boyfriend, Jeff, told her. And he told her that some rich guy had hit them and they were suing him."

There was no error here. This statement was not inadmissible hearsay; it was Riedel's own admission, offered against her. CRE 801(d)(2)(A).

## V.

 Riedel next contends that the court erred in allowing defendant to testify that he could have seen the motorcycle if its headlights had been on.

CRE 701 provides:

"If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue."

Riedel's evidence had established that: (1) the accident occurred at dusk; (2) Riedel and Kielsmier were both wearing dark clothing; (3) neither the car nor the motorcycle had its headlights on. Defendant was at the scene of the accident. His testimony was based on his perception. It supported his testimony that he heard the motorcycle but could not see it when he stopped in the intersection. There was no error in allowing this testimony.

## VI.

Contrary to Riedel's contention, there were disputed issues of fact affecting whether defendant was negligent. Therefore, it would have been error to have granted Riedel's motion for directed verdict on that issue. *Converse v. Zinke,* 635 P.2d 882 (Colo.1981).

## VII.

Riedel's final contention is that the trial court erred in giving the sudden emergency instruction. CJI–Civ.2d 9:10 (1980). Riedel argues there was no sudden emergency because defendant had testified that when he was partly into the intersection he heard the sound of the motorcycle, could not see it, stopped, and ten to fifteen seconds later the motorcycle slammed into the front end of his car.

The question of whether there is an emergency and whether the course of conduct taken by a party, under the circumstances, is reasonable and prudent is a question of fact and, thus, is a jury issue. *Davis v. Cline,* 177 Colo. 204, 493 P.2d 362 (1972); *Phillips v. Monarch Recreation Corp.,* 668 P.2d 982 (Colo.App.1983). Under the facts presented, the trial court properly submitted this issue to the jury.

Judgment affirmed.

KELLY and STERNBERG, JJ., concur.