Harold **FINEGOLD, individually and stockholder of Preferred Municipal Funding Corporation, Plaintiff-Appellant,**

v.

Donald S. **CLARKE; Floyd Rubendall; Mary E. Clarke; Daniel Lynch; Marie K. Gardner and Preferred Municipal Funding Corp., a Colorado corporation; and Municipal Service Corporation, a Colorado corporation, Defendants-Appellees.**

**No. 84CA0504.**

Colorado Court of Appeals, Div. III.

Sept. 19, 1985.

Hall & Evans, Arthur R. Karstaedt, III, Duncan W. Cameron, Denver, for plaintiff-appellant.

Sherman & Howard, W. David Pantle, Denver, for defendants-appellees.

BERMAN, Judge.

Plaintiff, Harold Finegold, appeals from an order denying his motion to vacate dismissal of his cause of action. We affirm.

Plaintiff's termination as an employee of defendant Preferred Municipal Funding Corporation gave rise to this suit which was commenced in August, 1981. One year later, the matter was scheduled for jury trial to begin at 9:30 a.m., December 5, 1983. On September 15, 1983, plaintiff's counsel's motion to withdraw was granted. The next day, criminal charges which were pending against plaintiff in Denver District Court were also set to be tried on September 15, 1983, the same day as this matter.

About two weeks prior to the scheduled trial date, plaintiff informed the trial court that he was in the process of obtaining a new attorney to represent him in this civil matter. Plaintiff did not mention the conflicting criminal trial, but the trial court advised him that it would probably be conducting a murder case at the time plaintiff's case was scheduled for trial.

Thereafter, plaintiff filed a motion for continuance in the criminal matter on the basis that the trial date conflicted with that scheduled for this suit. This motion was denied on November 30, 1983.

At 8:15 a.m. on the day of trial, plaintiff appeared and told the trial court's bailiff, who in turn informed the court, that he would not be present for trial because he had to appear before Judge Fullerton in Denver District Court at 9:00 that morning with respect to the criminal matter. When plaintiff failed to appear, defendants moved "for a default judgment" and "for dismissal of plaintiff's case in its entirety." The trial court granted these motions.

Plaintiff then retained counsel and filed a motion to vacate dismissal. This motion alleged, in essence, that plaintiff's failure to appear was the result of representations made by the trial court and its staff indicating that the matter would not be tried as scheduled, and that defendants' failure to inform the trial court of plaintiff's exact whereabouts constituted misconduct. It is from the denial of this motion that plaintiff now appeals.

■ Although plaintiff has addressed the motion to vacate as one filed pursuant to C.R.C.P. 55(c), his failure to appear at trial did not constitute an act of default as contemplated by that rule. See *Kielsmier v. Foster,* 669 P.2d 630 (Colo.App.1983). Instead, the granting of defendants' motions, as evidenced by the trial court's written order, constituted an adjudication on the merits pursuant to C.R.C.P. 41(b)(1). Therefore, the provisions of C.R.C.P. 60(b) apply in determining whether plaintiff was entitled to relief from judgment. See *Sunshine v. Robinson,* 168 Colo. 409, 451 P.2d 757 (1969).

The grant or denial of a motion for relief pursuant to C.R.C.P. 60(b) lies within the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. *Columbine Valley Construction Co. v. Board of Directors,* 626 P.2d 686 (Colo.1981); *Ceconi v. Geosurveys, Inc.,* 682 P.2d 68 (Colo.App.1984). A party seeking relief from judgment has the bur-

den of showing that grounds exist under C.R.C.P. 60(b) which entitle him to relief. *Eisenson v. Eisenson,* 158 Colo. 394, 407 P.2d 20 (1965). And, a *pro se* litigant is bound by the same procedural rules as those who are licensed to practice law and must be prepared to accept the consequences of his mistakes and errors. *Manka v. Martin,* 200 Colo. 260, 614 P.2d 875 (1980).

Here, plaintiff was aware of the conflict between the trial date of this matter and the criminal case for two and one-half months. He did not seek a continuance of the civil case, but rather used the existence of the civil trial date as grounds for a continuance of the criminal matter. Not until the morning of trial did plaintiff inform the court that he would not be present. He then left without filing a motion for continuance.

■ Contrary to plaintiff's contentions, these acts do not indicate that he was misled by the trial court as to when this matter would be tried, nor did defendants' failure to inform the trial court as to plaintiff's exact whereabouts constitute misconduct. Accordingly, plaintiff has failed to show that grounds for relief from judgment exist under C.R.C.P. 60(b). *See In re Marriage of Scheuerman,* 42 Colo.App. 206, 591 P.2d 1044 (1979). Thus, the trial court did not abuse its discretion in denying plaintiff's motion to vacate dismissal.

Order affirmed.

TURSI and METZGER, JJ., concur.