**Marjorie GUYNN and Harry Guynn, Plaintiffs-Appellants,**

**v.**

**STATE FARM MUTUAL AUTO INSURANCE COMPANY, Defendant-Appellee.**

No. 85CA0155.

Colorado Court of Appeals, Div. I.

Aug. 14, 1986.

Malman and Malman, P.C., Jerome S. Malman, Denver, Irvin M. Kent, Aurora, for plaintiffs-appellants.

Anderson, Sommermeyer, Wick & Dow, Samuel L. Anderson, Fort Collins, for defendant-appellee.

PIERCE, Judge.

Plaintiffs, Marjorie and Harry Guynn, appeal from a denial of their C.R.C.P. 60(b) motion. We affirm.

Plaintiffs' suit stems from their claim for payments from defendant, State Farm Mutual Auto Insurance Company, for certain medical treatments required for plaintiffs' injuries which resulted from an automobile accident. In June 1984, based on the agreement of both counsel, the court ordered the matter set for jury trial at 9:30 A.M. on Monday, October 1, 1984, with three days allowed for its completion. On the morning of October 1, 1984, when plaintiffs' case was called, neither plaintiffs' counsel nor plaintiffs were present. As a result, the trial court dismissed the complaint with prejudice.

Plaintiffs sought to set aside the trial court's order pursuant to C.R.C.P. 60(b)(1) and (5). In support of their motion, they stated that the following series of events had occurred. On Friday, September 28, 1984, plaintiffs' counsel's office discovered that a criminal trial had also been set for Monday October 1 preceding plaintiffs' case in the same courtroom before the same judge. Thereupon, plaintiffs' counsel's office contacted the district attorney's office and learned that chances for settlement of the criminal case were slim. They then contacted the trial court's division clerk who, after being told that they and their witnesses were coming from the State of Washington, suggested that plaintiffs' counsel telephone the court on 8:00 A.M. on the scheduled day of trial to inquire whether the case would go to trial. They tried to reach the trial court's division clerk on the Monday morning of trial but were unable to do so.

The attorney who was to try the case was away that morning handling matters in another county. His paralegal continued to attempt to call the court, but reported that the telephone was not answered until approximately 9:50 A.M., at which time she was informed that the case had been dismissed.

On appeal, plaintiffs contend that the trial court erred in refusing to grant them relief from the judgment on grounds of equity and excusable neglect. We disagree.

The record shows that the trial court's dismissal was primarily based on C.R.C.P. 41(b). Therefore, the provisions of C.R.C.P. 60(b) apply in determining whether plaintiffs were entitled to relief from judgment. *Finegold v. Clarke,* 713 P.2d 401 (Colo.App.1985).

■ The party seeking relief has the burden of establishing the grounds for relief from judgment by clear, strong, and satisfactory proof. *Craig v. Rider,* 651 P.2d 397 (Colo.1982). The determination whether a party's conduct constitutes excusable neglect that justifies relief from a judgment is left to the discretion of the trial court. *Tyler v. Adams County Department of Social Services,* 697 P.2d 29 (Colo.1985). A party's conduct constitutes excusable neglect when the surrounding circumstances would cause a reasonably careful person similarly to neglect a duty. *Tyler, supra.* Common carelessness and negligence do not amount to excusable neglect. *Tyler, supra.*

■ The concern of requiring plaintiffs and their witnesses to travel the long distance from Washington state to Fort Collins, Colorado, is understandable. However, it is difficult to comprehend how plaintiffs' counsel, upon calling the trial court's division clerk on Monday morning, and learning the case would be tried, could have arranged for plaintiffs and their witnesses to be in court that same morning, or how plaintiffs themselves could have relied on such last minute inquiries.

Although a criminal case was set to conflict in time with plaintiffs' case, plaintiffs' case was nevertheless scheduled for trial, had not been vacated, and no continuances had been sought by either of the parties. The burden is on the plaintiffs to prosecute a case. *See BA Leasing Corp. v. Board of Assessment Appeals,* 653 P.2d 80 (Colo. App.1982). That obligation includes being present on the scheduled day and time of trial. Under the circumstances presented, for counsel and plaintiffs not to have been present constitutes common carelessness and negligence.

Although plaintiffs' counsel argues that he relied on the district attorney's opinion that the criminal trial would proceed as planned on Monday morning, such reliance is not sufficient to neglect an attorney's duty to be present in court on the day that trial is scheduled. *See Finegold, supra.*

Accordingly, we find no abuse of discretion by the trial court in denying plaintiffs' motion under C.R.C.P. 60(b)(1).

As concerns plaintiffs' plea for equity, we similarly are not convinced by plaintiffs' presentation that either equity or the prevention of prejudice requires a reversal of the trial court's determination.

The order is affirmed.

STERNBERG and METZGER, JJ., concur.