Charles ROMBOUGH, Plaintiff–Appellee,

v.

**Susan L. MITCHELL, Defendant–Appellant.**

No. 03CA2457.

Colorado Court of Appeals.
Division IV.

March 9, 2006.

Certiorari Denied Aug. 14, 2006.

Sears & Swanson, P.C., Lance M. Sears, Colorado Springs, Colorado, for Plaintiff–Appellee.

Susan L. Mitchell, Pro Se.

RUSSEL, J.

Defendant, Susan L. Mitchell, appeals the trial court's entry of default judgment against her and in favor of plaintiff, Charles Rombough. She also appeals the court's orders awarding attorney fees as sanctions for her failure to comply with discovery. We reverse the default judgment, affirm the orders awarding attorney fees, and remand the case with directions.

## I. Background

In 2002, plaintiff sued defendant for damages, claiming that defendant had sent defamatory e-mails to his business associates and friends. Defendant filed a pro se answer denying plaintiff's claims and asserting counterclaims for defamation and infliction of emotional distress. The trial court selected August 18, 2003, as the trial date.

As the trial date approached, the parties struggled over discovery. At plaintiff's request, the trial court issued orders—in May and July 2003—requiring defendant to pay plaintiff's attorney fees as sanctions for her failure to comply with discovery.

On July 16, 2003, plaintiff requested a continuance, citing defendant's ongoing failure to comply with discovery. Although there is no order addressing this motion, the record contains pretrial instructions, also dated July 16, which indicate that trial was rescheduled for September 15, 2003.

On August 18, 2003, plaintiff appeared for trial with his attorney. Defendant did not appear. Without mentioning the September 15 trial date, the court found that defendant had been informed of the August 18 date, and, at plaintiff's request, entered an order of default against defendant. The court then scheduled the matter for an evidentiary hearing on damages.

Defendant was informed of the order of default and the date of the damages hearing. She filed written responses, indicating that she would not attend the hearing and asserting, at one point, that she "did not see there was a Court date to appear."

On September 25, 2003, the trial court convened the hearing on damages. Defendant did not appear. Plaintiff testified about the harm that he had suffered as a result of defendant's conduct. The court awarded him approximately $1,037,000 in damages, costs, and fees. The court later amended the award to add punitive damages and interest. The final award against defendant was $1,715,414.

Defendant filed a motion to vacate the default judgment. She asserted: "The Judgment was entered against me because I did not appear in Court for a pre-trail [sic] hearing because I was unaware of the hearing and the opponent won the case by DE-

FAULT." The court summarily denied this motion.

Defendant then brought this appeal.

## II. Jurisdiction

Defendant first contends that the default judgment must be vacated because the trial court lacked subject matter and personal jurisdiction. We disagree.

■ Subject matter jurisdiction concerns the authority of the court to decide a particular matter. *Stone's Farm Supply, Inc. v. Deacon*, 805 P.2d 1109, 1113 (Colo.1991). Here, the trial court had subject matter jurisdiction because it is a court of general jurisdiction and has the power to adjudicate common law defamation claims. *See Stone's Farm Supply, Inc. v. Deacon, supra*, 805 P.2d at 1113 (district court is a court of general jurisdiction); *Sky Fun 1 v. Schuttloffel*, 27 P.3d 361, 369 (Colo.2001) (district court has jurisdiction over common law defamation claims).

■ Personal jurisdiction is the court's power to subject a particular defendant to the decisions of the court. *Stone's Farm Supply, Inc. v. Deacon, supra*. Here, the trial court had personal jurisdiction over defendant: (1) she was properly served; (2) she was alleged to have committed tortious acts within the state; and (3) she filed an answer and asserted counterclaims. *See Classic Auto Sales, Inc. v. Schocket*, 832 P.2d 233, 236 (Colo.1992) (tortious conduct within the state satisfies Colorado's long-arm statute); *In re Marriage of Jeffers*, 992 P.2d 686, 689 (Colo.App.1999) (party consents to personal jurisdiction by seeking affirmative relief from the court).

## III. Entry of Default

■ Defendant also contends that the court erred when it entered an order of default against her for failing to appear at trial. We agree.

The Colorado Rules of Civil Procedure authorize default judgment in two circumstances. First, a court may enter default as a sanction for a party's willful disobedience to discovery orders. C.R.C.P. 37. Second, a court may enter default against a party who "has failed to plead or otherwise defend." C.R.C.P. 55(a).

Generally, a failure "to plead or otherwise defend" occurs when a defendant fails to file a timely answer or other response to a plaintiff's complaint. *See, e.g., Dunton v. Whitewater W. Recreation, Ltd.*, 942 P.2d 1348, 1351 (Colo.App.1997). The issue here is whether a court may enter default against a defendant who has answered and actively litigated, on the ground that her nonappearance at trial is a failure to "otherwise defend" within the meaning of C.R.C.P. 55(a). We conclude that, in Colorado, the answer is no.

Construing rules materially identical to C.R.C.P. 55(a), some courts have held that nonappearance at trial is a failure to "otherwise defend" that may justify entry of default. *See, e.g., Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 917 (3d Cir.1992); *Chase v. Contractors' Equip. & Supply Co.*, 100 N.M. 39, 665 P.2d 301, 304 (N.M.Ct.App. 1983). Other courts have reached the opposite conclusion. *See, e.g., Bass v. Hoagland*, 172 F.2d 205, 210 (5th Cir.1949) ("The words 'otherwise defend' refer to attacks on the service, or motions to dismiss, or for better particulars, and the like, which may prevent default without presently pleading to the merits."); *see also Tacoma Recycling, Inc. v. Capitol Material Handling Co.*, 34 Wash. App. 392, 661 P.2d 609, 611 (1983).

A leading commentator has endorsed the latter approach:

> A defendant who has participated throughout the pretrial process and has filed a responsive pleading, placing the case at issue, has not conceded liability. Unlike a default, if the trial proceeds in the absence of the defendant, the court should require plaintiff to present evidence supporting liability, as well as damages, and a judgment should be entered in plaintiff's favor only if the evidence supports it.

10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2682, at 18 (1998).

Although not directly ruling on this issue, the supreme court and divisions of this court have suggested that Colorado follows the latter approach.

In *Davis v. Klaes,* 141 Colo. 19, 346 P.2d 1018 (1959), the trial court heard evidence and entered judgment in the absence of a defendant who had failed to appear for trial. On review, the supreme court held that the defendant was not entitled to notice under the rules governing default judgments. The court stated: "The taking of evidence and entry of judgment on [the day of trial] in the absence of one of the parties who knows his case is set for trial is not a proceeding under the default provisions of the rules, but is, in fact, a trial on the merits." *Davis v. Klaes, supra,* 141 Colo. at 22, 346 P.2d at 1019. The supreme court reiterated this view in *Sunshine v. Robinson,* 168 Colo. 409, 413, 451 P.2d 757, 759 (1969).

In *Kielsmier v. Foster,* 669 P.2d 630 (Colo. App.1983), two plaintiffs sued the defendant for injuries arising from a car accident. On the day of trial, one of the plaintiffs failed to appear. When the other plaintiff moved for default against the missing party, the trial court denied the motion and held trial. On review, a division of this court affirmed the trial court's ruling. The division's conclusion was based, in part, on the view that failure to appear at trial is not an act of default:

> Kielsmier had filed a complaint and a reply through his former attorneys. Those pleadings were not affected by the attorneys' withdrawal. Therefore, he was not in default. C.R.C.P. 55(a). Not being present at the trial is not an act of default as contemplated under the rule. *See Sunshine v. Robinson,* [*supra*]; *Davis v. Klaes,* [*supra*]. Also, since [the other plaintiff] had not sought any affirmative relief from Kielsmier and, in fact, had joined her own claim with his, she had no standing to ask for a default or a default judgment as to him. The motion was properly denied.

*Kielsmier v. Foster, supra,* 669 P.2d at 632–33. *See also Finegold v. Clarke,* 713 P.2d 401 (Colo.App.1985) (where the plaintiff's failure to appear and present evidence at trial resulted in an order of dismissal and judgment in favor of the defendant, this was an adjudication on the merits and not an act of default under C.R.C.P. 55).

Together these cases indicate that Colorado has adopted the approach of *Bass v. Hoagland, supra.* Accordingly, when a defendant answers and actively litigates but fails to appear for trial, the trial court may receive evidence in the defendant's absence and render judgment on the merits, but it may not enter an order of default.

Here, the trial court did not receive evidence of liability in defendant's absence. Instead, it entered an order of default for defendant's failure to appear at trial and set a hearing on damages. Because the rules do not authorize entry of default in this circumstance, the entry of default and default judgment must be reversed and the case remanded for trial.

### IV. Attorney Fees

We find no error in the court's orders awarding attorney fees as sanctions for defendant's failure to comply with discovery. Accordingly, those orders are affirmed.

The orders awarding attorney fees are affirmed. The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

Judge ROY and Judge CARPARELLI concur.