24CA0613 Marriage of Kawahakui 01-23-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0613
Pueblo County District Court No. 23DR575
Honorable Dorothy A. Radakovich, Magistrate

In re the Marriage of

Reed Kimokeo Tatsuo Kawahakui,

Appellee,

and

Ashley Jean Kawahakui,

Appellant.

JUDGMENT AFFIRMED

Division I
Opinion by JUDGE YUN
J. Jones and Brown, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 23, 2025

Law Office of Dailey & Pratt, LLC, Joel M. Pratt, Colorado Springs, Colorado, for
Appellee

Hassler Law Firm, LLC, Wesley Hassler, Patrick V. Jones, Pueblo, Colorado, for
Appellant

¶ 1      Ashley Jean Kawahakui (wife) appeals the district court magistrate's judgment that dissolved her marriage with Reed Kimokeo Tatsuo Kawahakui (husband). We affirm.

## I. Dissolution Proceedings

¶ 2      In 2023, husband petitioned the court to dissolve the parties' twelve-year marriage, and wife responded by filing a waiver and acceptance of service. After the parties appeared at the initial status conference, nothing happened in the case for the next six weeks. The court issued a delay prevention order and directed the parties to show cause why the case should not be dismissed for failure to prosecute. In response, husband filed a sworn financial statement and certified that he had sent wife his financial disclosures. He also filed a proposed parenting plan for their child, a proposed allocation of the marital assets, and calculations for the maintenance and child support obligations. Wife did not respond.

¶ 3      The court then scheduled the permanent orders hearing. At the hearing, which occurred about seven weeks later, husband appeared; wife did not. Husband testified, and the court later dissolved the marriage and entered permanent orders. In doing so, the court divided the marital assets, allocated parental

responsibilities, determined child support, and declined to award maintenance to either party.

## II.  Due Process

¶ 4    Wife contends that the district court violated her constitutional right to due process by not giving her sufficient notice of the permanent orders hearing.  We are unpersuaded.

### A.  Preservation

¶ 5    As an initial matter, husband argues that wife did not preserve this issue for our review and that we therefore should not consider it.  *See In re Marriage of Martin*, 2021 COA 101, ¶ 13 (stating that to preserve an issue for appellate review, a party must bring the issue to the district court's attention so that the court has an opportunity to rule on it); *In re Marriage of Crouch*, 2021 COA 3, ¶ 13 (declining to review an issue raised for the first time on appeal).  Wife acknowledges that she did not raise this issue until after the judgment, but she argues that we should elect to review her contention under the doctrine of "plain error" because she did not have an opportunity to raise it with the district court magistrate.  *See In re Estate of Ramstetter*, 2016 COA 81, ¶ 73 (We "review unpreserved civil claims 'very rarely' and only 'where necessary to

prevent manifest injustice.'" (quoting *JW Constr. Co. v. Elliott*, 253 P.3d 1265, 1271 (Colo. App. 2011))).  However, we need not resolve this dispute.  Even if we assume that we may review wife's contention, it fails on the merits.  *See In re Marriage of Mack*, 2022 CO 17, ¶ 12.

## B.  Governing Legal Standards

¶ 6     Due process requires a party to be provided notice and a meaningful opportunity to be heard.  *Armstrong v. Manzo*, 380 U.S. 545, 550 (1965).  However, it "is flexible and calls for such procedural protections as the particular situation demands."  *Van Sickle v. Boyes*, 797 P.2d 1267, 1273 (Colo. 1990).  Notice therefore is sufficient if it is reasonably calculated, under the circumstances, to apprise a party of the pendency of the action.  *Armstrong*, 380 U.S. at 550; *Ault v. Dep't of Revenue*, 697 P.2d 24, 27 (Colo. 1985).  A party who fails to appear at a hearing despite receiving advance notice has not been deprived of due process.  *In re Taylor*, 134 P.3d 579, 584 (Colo. App. 2006).

¶ 7     We review de novo whether a party was accorded sufficient due process.  *People in Interest of R.J.B.*, 2021 COA 4, ¶ 26.

## C.    Analysis

¶ 8    The record demonstrates that wife was reasonably apprised of the permanent orders hearing and, therefore, was not deprived of due process. *See Armstrong,* 380 U.S. at 550; *Ault,* 697 P.2d at 27; *Taylor,* 134 P.3d at 584.

¶ 9    Wife participated in the case early on. She received the petition, summons, and case management order, and she appeared at the initial status conference. Despite receiving this information and learning of her obligations, wife did not further participate in the dissolution proceedings.

¶ 10    Wife suggests that her lack of participation in the permanent orders hearing was due to the lack of proper notice. However, a court may reasonably rely on notice sent by mail to provide a party with notice of the judicial proceeding. *See Ault,* 697 P.2d at 28; *cf. Dews v. Dist. Ct.,* 648 P.2d 662, 663 (Colo. 1982) (noting that a certificate of mailing creates a rebuttable presumption that the document was mailed to the party). The court issued a delay prevention order and later issued an order scheduling the permanent orders hearing. The court's register of actions, of which we may take judicial notice, *see Harriman v. Cabela's Inc.,* 2016

4

COA 43, ¶ 64, reflects that these orders were sent by United States mail to wife at the parties' marital home. Wife admits that she continued to live with husband in the marital home throughout the dissolution proceedings. And nothing in the record shows that the orders were returned as undeliverable.

¶ 11 The court mailed the same orders to husband at the exact same address, and he did not report any problems receiving them. Husband responded to the delay prevention order, filing documents concerning his financial disclosures, the allocation of parental responsibilities, the division of property, and the determinations on maintenance and child support. Husband also appeared at the scheduled permanent orders hearing and presented evidence in support of his requests.

¶ 12 Still, wife asserts that she never received the court's orders and, therefore, did not, in fact, receive notice. But, as discussed, the court's orders were mailed to her residence, and she directs us to nothing in the record showing that the service of those orders was insufficient or ineffective. *See Ault*, 697 P.2d at 28; *cf. Dews*, 648 P.2d at 663. Moreover, husband certified that when he responded to the court's delay prevention order, he hand delivered

his filings to wife at their home, providing in-person notice to wife that the dissolution case was moving forward. *See* C.R.C.P. 5(b)(2)(A)(i) (noting that service may be accomplished by hand delivery).

¶ 13 Wife further suggests that the court erred by failing to diligently inquire into whether she received notice. *See Davis v. Klaes*, 346 P.2d 1018, 1019 (Colo. 1959) (noting that the district court "made diligent inquiry as to whether the defendant knew his cause had been set for trial"). However, at the hearing, the court asked husband about wife's failure to appear. Husband testified that she was at home and that he thought "she forgot" about the hearing. Given wife's conduct throughout the case, we are not persuaded that this inquiry was inadequate. And contrary to wife's claim, nothing in *Davis* required the court to conduct any additional inquiry or make specific findings on her notice.

¶ 14 The court therefore gave wife adequate notice of the proceedings in accordance with her due process rights. *See Armstrong*, 380 U.S. at 550; *Ault*, 697 P.2d at 27; *Taylor*, 134 P.3d at 584. In light of this notice, the cases relied on by wife to support her claim of reversible error are not applicable because those cases

were based on a party's lack of notice. *See Armstrong*, 380 U.S. at 546-47, 551; *Emerick v. Emerick*, 129 P.2d 908, 908-09 (Colo. 1942).

### III. Default Judgment

¶ 15    Wife next contends that the court erred by entering a default judgment against her without the advance notice required by C.R.C.P. 55. Her contention is misplaced.

¶ 16    When a party has failed to plead or otherwise defend against an action, the party may be found in default, and the party seeking relief may ask for the entry of judgment against the defaulting party. C.R.C.P. 55(a), (b)(1); *see* C.R.C.P. 121, § 1-14. "If the party against whom judgment by default is sought has appeared in the action, the party . . . shall be served with written notice of the application for judgment at least 7 days" before the hearing on the default judgment. C.R.C.P. 55(b)(1).

¶ 17    However, the procedures set forth by C.R.C.P. 55 are not applicable when there is not a default but a judgment on the merits. *See Sunshine v. Robinson*, 451 P.2d 757, 759 (Colo. 1969) ("The taking of evidence and entry of judgment in the absence of a party who knows his case is set for trial is not a proceeding under

the default provisions of the rules, but is instead a trial on the merits."); *Davis*, 346 P.2d at 1019 (same).

¶ 18    As discussed above, the court provided wife with adequate notice of the permanent orders hearing.  The court then conducted the evidentiary hearing with husband, received his testimony, and considered the other documents filed by him.  The court dissolved the marriage and entered permanent orders based on that evidence.  The court therefore did not enter a default judgment.  (Nor did husband seek a default judgment.)  The court rendered a judgment on the merits.  *See Sunshine*, 451 P.2d at 759; *Davis*, 346 P.2d at 1019.  Thus, the notice requirements of C.R.C.P. 55(b)(1) were not applicable.

IV.    Disposition

¶ 19    The judgment is affirmed.

JUDGE J. JONES and JUDGE BROWN concur.

8