No. 15,623.

GREEN *v.* PULLEN.
(173 P [2d] 458)

Decided October 7, 1946.

Mr. CHARLES E. HOLCOMB, Mr. MERRITT D. VONDY, for plaintiff in error.

Messrs. BANCROFT, BLOOD & LAWS, Mr. HAROLD D. TORGAN, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the trial court. They are hereinafter referred to as there, or as Green and Pullen, respectively, and J. M. Marcott and his wife are referred to simply as Marcott.

Pullen sued Green on a written contract to pay for

certain alterations on a Denver rooming house, or hotel, "not to exceed $366 and Tax." Green answered denying consideration. The cause was tried to the court and judgment entered as prayed. To review that judgment Green prosecutes this writ. The only material questions raised by the assignments are: 1. The correctness of a ruling permitting plaintiff, after resting, to reopen and introduce further testimony; and 2. The sufficiency of the evidence on the question of consideration.

█ 1. "It is always within the discretion of the trial court to permit the reopening of a case for the purpose of allowing additional evidence, and it is the duty of the trial court to thus reopen a case whenever the ends of justice can be advanced thereby." *Plummer v. Struby-Estabrooke Merc. Co.,* 23 Colo. 190, 47 Pac. 294. Here the ends of justice were so advanced, no prejudice is disclosed by the ruling, no fact is discernible which would make this an exception to the general rule, and no abuse of discretion appears.

2. November 10, 1942, Pullen leased the premises to Marcott for the term from date to December 1, 1944. December 1, 1942 Marcott, with consent of Pullen, assigned to Green. December 1, 1943 the city building inspector gave notice that certain partitions on the upper floor, erected by tenants, were a fire hazard and must be replaced with rock or metal lath or plaster. Pullen took the matter up with Green and as a result the contract sued on was executed. One Cosman made the alterations. He first rendered an estimate of the work, itemizing the changes required, and closing thus: "For the sum of $366.00 and tax. This price is for above work only. Any extra work ordered by the Chief Building Inspector will not be included in the price given above." Endorsed on this estimate appears the following:

"For value received, I hereby assume and agree to pay to Minnie C. Pullen the cost of the alterations above specified in the sum of not to exceed $366.00 and tax.
"[Signed] Ina L. Green."

██ Pullen paid for the alterations, is now owner and holder of the claim against Green, and the latter has paid no part thereof, hence this suit. Green contends that a portion of the consideration was an agreement, not kept, to execute a new lease, or extend the old, for an additional two year period. There are, at least, three reasons why this contention can not be upheld: (a) Lack of evidence; (b) performance; (c) immateriality.

(a) It is doubtful from the record that the parties considered any arrangement about a lease in connection with the contract sued on. There is evidence that at the time of signing Green was about to make payment without reference to the alleged agreement to lease and was only deterred by the suggestion of counsel for Pullen of the possibility that the expense of the alterations might be less than the estimate, hence payment should be deferred until the actual cost was determined.

(b) As to what understanding, if any, existed between the parties concerning a further disposition of the leased premises the record is indefinite. It does appear, however, that there must have been a good-faith attempt to carry out some such understanding. It appeared that Green desired some additional security for a chattel mortgage she held on property sold to Marcott. Accordingly she was furnished by Pullen with a blank assignment to her by Marcott of the lease of June 14, 1944 and thereto appended Pullen's consent to the assignment.

(c) Any special consideration for Green's promise to pay was superfluous and nonessential. Whether the flimsy, firetrap construction was installed by Marcott or Green is immaterial. The latter was liable to Pullen therefor and the wrong of the installation was full consideration for the required removal, hence full consideration for the promise had passed at the time the contract to pay was signed.

All the foregoing considered in the light of the rule that findings of fact on conflicting evidence cannot be

disturbed, here makes affirmance imperative, and it is so ordered.

MR. JUSTICE HILLIARD, MR. JUSTICE JACKSON and MR. JUSTICE STONE concur.