**Dennis JUSTI, Plaintiff–Appellant,**

v.

**RHO CONDOMINIUM ASSOCIATION,**
**Defendant–Appellee.**

**No. 10CA0521.**

Colorado Court of Appeals,
Div. VII.

June 23, 2011.

Law Office of David J. Greene, David J. Greene, Wheat Ridge, Colorado, for Plaintiff–Appellant.

Stuart D. Morse & Associates, LLC, Stuart D. Morse, Englewood, Colorado, for Defendant–Appellee.

Opinion by Judge GABRIEL.

Plaintiff, Dennis Justi, appeals the judgment entered after defendant, RHO Condominium Association (RHO), moved for a directed verdict under C.R.C.P. 50, and the trial court denied plaintiff's motion to reopen his case. Justi also appeals the court's order denying his purported C.R.C.P. 60 motion for relief from the judgment against him. We perceive no reversible error and therefore affirm. Because we conclude that Justi's appeal was not frivolous, however, we decline to award RHO appellate attorney fees.

## I. Background

In July 2005, Justi, his brother, and a friend rented a room at the Hi Country Haus Condominiums. One evening during their stay, Justi fell down a flight of stairs at the condominium and ruptured his left quadriceps muscle.

Justi filed suit against RHO, whose primary place of business was located at Hi

Country Haus Condominiums. Justi asserted, among other things, that RHO was liable for his injury pursuant to the Premises Liability Act (the Act), section 13–21–115, C.R.S. 2010.

At trial, Justi called as witnesses a custodian of records from the Veterans Administration Hospital at which he was treated for his injury, his brother, and a doctor who performed an independent medical examination regarding his injury. Justi also testified.

After questioning his last witness, Justi's counsel and the court had the following exchange:

THE COURT: ... Do you have any further witnesses, [counsel]?

[Justi's Counsel]: I have no witnesses. No, I do not.

THE COURT: Okay. Would the Plaintiff rest at this time?

[Justi's Counsel]: I won't rest right now, but I have no further witnesses at this time.

THE COURT: Well you've got to rest if you don't have anymore [sic] evidence. I mean, if you've got something else to do, let's do it. But, otherwise, you're done for your turn for now, and we go over to [defense counsel] and then you come back. But if you don't rest, I can't move the trial forward. But you are welcome to present more evidence if you would like.

[Justi's Counsel]: I rest, Your Honor.

RHO then moved for a directed verdict under C.R.C.P. 50, arguing, as pertinent here, that Justi had presented no evidence to establish a connection between his injury and RHO, including any evidence as to how RHO was connected to the property at issue. RHO further contended, as pertinent here, that even had such evidence been presented, Justi offered no evidence to prove that RHO had unreasonably failed to exercise reasonable care to protect against dangers about which it knew or should have known.

Justi responded by indicating that there would be evidence from RHO witnesses that RHO had a contract with a management company and that it owned Hi Country Haus Condominiums. When the court indicated that what was pertinent on a directed verdict

motion was the evidence that had been presented during Justi's case-in-chief and not what was coming, Justi moved to reopen his case to present testimony from RHO witnesses to show that RHO owned Hi Country Haus Condominiums. Justi asserted that he had not presented such evidence during his case because he had been relying on defense counsel's representation that he would call a representative of RHO as a witness at trial. Justi's counsel informed the court that he had intended to introduce the management agreement and prove ownership at that time. This, counsel explained, was why he initially resisted resting his case. For his part, RHO's counsel denied having promised to call any witnesses.

The court observed that Justi had already rested and noted that the court was unaware of any authority allowing a party to reopen the evidence in these circumstances. The court was also unpersuaded that defense counsel had misled Justi or otherwise caused his mistake. The court thus denied Justi's motion to reopen the evidence. The court then proceeded to grant RHO's motion for a directed verdict.

Justi now appeals.

## II. Denial of Motion to Reopen Evidence

Justi first contends that the trial court erred in denying his motion to reopen his case so that he could present evidence linking RHO with Hi Country Haus Condominiums. Assuming without deciding that the court erred in refusing to reopen the evidence as Justi requested, we conclude that, on the facts of this case, any error was harmless.

 "A trial court may in its discretion permit a party who has rested to reopen a case for the purpose of presenting further evidence." *Rocky Mountain Animal Def. v. Colo. Div. of Wildlife,* 100 P.3d 508, 519 (Colo.App.2004). Evidentiary rulings constitute reversible error only when they affect a substantial right of a party. *Id.*

 "Harmless error occurs with respect to the admission or exclusion of evidence when no substantial right of a party is affect-

ed. A substantial right is affected if the error substantially influences the outcome of the case." *Rojhani v. Meagher,* 22 P.3d 554, 557 (Colo.App.2000) (citation omitted).

Although no Colorado appellate court appears to have addressed the burden borne by a party seeking to reopen evidence after resting his or her case, courts in several other jurisdictions have confronted this question. The Arizona Supreme Court, for example, has noted that although leave to reopen should be freely given, it was "wholly insufficient" for a party to make an offer of proof "which amounted to no more than conclusions which he hoped could be drawn from unnamed witnesses." *Caldwell v. Tilford,* 90 Ariz. 202, 367 P.2d 239, 242 (1961).

Other jurisdictions agree that when a party moves to reopen the evidence, the moving party has at least a minimal duty to make an offer of proof as to the evidence to be presented and, if pertinent, how such evidence would cure any deficiencies in his or her case. *See Alpert v. Villa Romano Homeowners Ass'n,* 81 Cal.App.4th 1320, 96 Cal. Rptr.2d 364, 378 (2000) ("The right to present further evidence is waived unless the plaintiff both requests leave to reopen and makes an offer of proof, describing the evidence and explaining how it would cure the deficiencies."); *Kay Found. v. S & F Towing Serv. of Staten Island, Inc.,* 31 A.D.3d 499, 819 N.Y.S.2d 765, 767 (2006) ("When a motion to reopen is made, the trial court should consider whether the movant has provided a sufficient offer of proof, whether the opposing party is prejudiced, and whether significant delay in the trial will result if the motion is granted."); *Liberty Nat'l Bank v. Daly,* 96 N.W.2d 897, 899 (N.D.1959) (holding that the trial court did not abuse its discretion when it refused to allow the appellants to reopen their case, where their counsel had "made no offer of proof nor did he insert in the record any statement of what evidence he had or what he expected to prove if the case was reopened").

■ We agree with the reasoning of these cases. Accordingly, we hold, as an apparent matter of first impression in Colorado, that a party seeking to reopen the evidence after he or she has rested and after a motion for a directed verdict has been made must make an offer of proof as to what specific evidence the party would present and demonstrate that this evidence would cure any deficiencies in that party's case. Failure to do so waives any right that the party may have to present further evidence. To hold otherwise would undermine the salient purposes of C.R.C.P. 50 motions, because absent the required showing, a party facing a meritorious directed verdict motion could potentially avoid the inevitable adverse judgment merely by asserting a vague hope that sufficient evidence may turn up to get the case to the jury. Such a practice would obviously impede the orderly process of a civil trial, at the risk of significant cost to the parties and the judicial system, without advancing the goal of a just result. We cannot adopt or condone such a procedure.

Here, Justi sought to recover under the Act, which, as pertinent here, allows an invitee to recover for damages caused by a landowner's unreasonable failure to exercise reasonable care to protect against dangers of which the landowner knew or should have known. § 13–21–115(3)(c)(I), C.R.S.2010. In moving for a directed verdict, RHO argued that Justi had failed to introduce evidence connecting RHO to the property or demonstrating that it had acted unreasonably with respect to an alleged dangerous condition about which it knew or should have known.

In response, Justi sought to reopen the evidence, contending that he would call a representative of either RHO or the company that managed the condominiums to testify regarding RHO's ownership of the building. He also now asserts that the court should have considered RHO's answer to his original complaint, in which, Justi contends, RHO admitted that it was the owner or operator of Hi Country Haus Condominiums. Finally, Justi claims that defense counsel acknowledged RHO's ownership of the property in his opening statement, which, Justi asserts, also binds RHO.

■ We construe these assertions as Justi's offer of proof with respect to the evidence that he intended to introduce were the court to reopen his case. Assuming with-

out deciding that such evidence would have established the missing connection between RHO and the property at issue, however, we conclude that such evidence would have been insufficient to save Justi's premises liability claim. Specifically, none of the proffered evidence would have been responsive to RHO's contention that Justi had failed to show that it did not exercise reasonable care to protect against dangers about which it knew or should have known. Nor have we seen evidence in the record to establish such a lack of reasonable care. Indeed, Justi did not respond either in the trial court or on appeal to RHO's argument regarding the absence of such evidence.

Accordingly, even if the trial court erred in not permitting Justi to reopen his case to establish RHO's ownership of the property, we perceive no reversible error because Justi failed to offer any evidence to show that RHO had failed to exercise reasonable care to protect against dangers about which it knew or should have known. Thus, even had the trial court allowed Justi to reopen his case to introduce the evidence that he sought to provide, a directed verdict still would have been proper. *See Churchill v. Univ. of Colo.,* —— P.3d ——, —— (Colo.App.2010) *(cert. granted* May 31, 2011) (noting that a trial court may grant a motion for a directed verdict only when (1) the evidence presented is such that reasonable people could not disagree and (2) no evidence, or legitimate inference arising therefrom, has been presented on which a jury's verdict against the moving party could be sustained).

For these reasons, we reject Justi's assertion that the trial court reversibly erred in refusing to allow him to reopen his case.

### III. Denial of Purported C.R.C.P. 60(b) Motion

Justi further appears to contend that the trial court abused its discretion when it denied what he characterizes as his motion pursuant to C.R.C.P. 60(b). As an initial matter, we note that it is not clear from the record whether Justi actually made a C.R.C.P. 60(b) motion for relief from the directed verdict, as opposed to just a motion to reopen the evidence. Because both par-

ties assume that Justi had, in fact, made such a motion, and because both parties have briefed that issue, we will likewise assume, without deciding, that Justi made a C.R.C.P. 60(b) motion and the trial court denied it. We perceive no abuse of discretion in those rulings.

As pertinent here, C.R.C.P. 60(b) provides: On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect; (2) fraud ..., misrepresentation, or other misconduct of an adverse party; ... or (5) any other reason justifying relief from the operation of the judgment.

"The party seeking relief has the burden of establishing the grounds for relief from judgment by clear, strong, and satisfactory proof." *Guynn v. State Farm Mut. Auto Ins. Co.,* 725 P.2d 1162, 1163 (Colo.App. 1986). With the exception of C.R.C.P. 60(b)(3), which is not at issue here, the decision to grant or deny relief under C.R.C.P. 60(b) is generally within the trial court's discretion, and we review such a decision for an abuse of that discretion. *Goodman Assocs., LLC v. WP Mountain Props., LLC,* 222 P.3d 310, 314 (Colo.2010). A trial court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair. *Id.*

Here, Justi asserts that his failure to prove that RHO owned the Hi Country Haus Condominiums was the result of excusable neglect on the part of his counsel or of a misrepresentation by opposing counsel, thus entitling him to relief under C.R.C.P. 60(b)(1) and 60(b)(2). He further argues that the facts of this case establish grounds for relief under C.R.C.P. 60(b)(5), permitting relief from judgment for "any other reason." Again, we are not persuaded.

With respect to C.R.C.P. 60(b)(1), [t]he conduct of a party's legal representative constitutes excusable neglect when surrounding circumstances would cause a reasonably prudent person similarly to overlook a required act in the performance

of some responsibility. However, common carelessness and negligence by the party's attorney do[ ] not amount to excusable neglect.

*Guevara v. Foxhoven*, 928 P.2d 793, 795 (Colo.App.1996) (citation omitted).

Here, Justi has offered no applicable evidence or authority to support a contention that the circumstances presented here were such that a reasonably prudent person similarly would have neglected to put on a prima facie case before he or she rested. Accordingly, Justi has failed to establish excusable neglect under C.R.C.P. 60(b)(1).

With respect to C.R.C.P. 60(b)(2), as noted above, the trial court rejected Justi's contention that defense counsel misled Justi or otherwise caused his mistake. Justi points to no evidence or law to establish that the court abused its discretion in so ruling.

■ Finally, C.R.C.P. 60(b)(5)'s residuary exception "attempts to strike a balance between the importance of the finality of judgments and the interests of justice." *S.R. Condos., LLC v. K.C. Constr., Inc.*, 176 P.3d 866, 870 (Colo.App.2007). "[T]o prevent this residuary provision from swallowing the enumerated reasons and subverting the principle of finality, it has been construed to apply only to situations not covered by the enumerated provisions and only in extreme situations or extraordinary circumstances." *Davidson v. McClellan*, 16 P.3d 233, 237 (Colo.2001); *accord S.R. Condos., LLC*, 176 P.3d at 870. For example, "grievous jury misconduct raising sensitive issues of religion" satisfies the requirements of C.R.C.P. 60(b)(5), *Canton Oil Corp. v. Dist. Court*, 731 P.2d 687, 694 (Colo.1987), as does a case involving a "total lack of any significant judicial review" of the property division provisions of a separation agreement, *In re Marriage of Seely*, 689 P.2d 1154, 1160 (Colo.App. 1984). In contrast, a division of this court has held that the requirements of C.R.C.P. 60(b)(5) were not satisfied when a defendant had relied on the repeated but incorrect assurances of a court clerk that its motion to alter or amend a judgment had been forwarded to the presiding judge, which reliance ultimately resulted in the defendant's filing an untimely appeal that was dismissed. *See*

*Sandoval v. Trinidad Area Health Ass'n*, 752 P.2d 1062, 1064 (Colo.App.1988).

Here, although Justi makes general appeals to equity and fairness, we conclude that he has not established that the present factual setting is not covered by the enumerated provisions of C.R.C.P. 60(b). Nor has he shown that the current facts comprise the type of extreme or extraordinary circumstances to which C.R.C.P. 60(b)(5) is directed.

For these reasons, we perceive no abuse of discretion in the trial court's denial of Justi's C.R.C.P. 60(b) motion.

### IV. Alleged Relationships Between Trial Judge and RHO

■ In his reply brief, Justi asserts, for the first time, that there is an appearance that the trial court's rulings were due to its (1) "significant past relationships" with RHO's trial counsel and one of its witnesses and (2) alleged inexperience in civil trials. He also reiterated these contentions during oral argument. Because we will not address issues raised for the first time in an appellant's reply brief, we decline to address these arguments. *See Steward Software Co. v. Kopcho*, 275 P.3d 702, —— (Colo.App.2010) *(cert. granted on other grounds* Mar. 28, 2011).

### V. Attorney Fees

Finally, RHO seeks appellate attorney fees pursuant to C.A.R. 38(d) and section 13–17–102, C.R.S.2010. Specifically, RHO contends that Justi's appeal was frivolous as filed, due to what RHO claims was a complete absence of case law that would have allowed him to reopen his case-in-chief. We are not persuaded.

As noted above, it is within the trial court's discretion to permit a party to present additional evidence after resting his or her case, although that discretion can be abused. *See Rocky Mountain Animal Def.*, 100 P.3d at 519. Accordingly, Justi had a rational basis in law to argue that the court abused its discretion in denying his motion to reopen the evidence. Thus, we conclude that his appeal is not "so futile, irrational or unjusti-

fied as to warrant a clear finding that [it] was frivolous," *Wood Bros. Homes, Inc. v. Howard,* 862 P.2d 925, 934 (Colo.1993), and therefore decline to award RHO its fees on appeal.

### VI. Conclusion

For these reasons, the judgment and the order are affirmed.

Judge FURMAN and Judge RICHMAN concur.