23CA1679 Evanrich v Evans 08-22-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA1679 Routt County District Court No. 21CV30073 Honorable Michael A. O’Hara III, Judge Evanrich Investment Holdings LLC and Richard Gaines, Plaintiffs-Appellees, v. Michele Evans and Timothy Evans, Defendants-Appellants. JUDGMENT AFFIRMED Division III Opinion by JUDGE MOULTRIE Dunn and Yun, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced August 22, 2024 Gardner Legal Services, LLC, Matthew R. Gardner, Linton Wright, Boulder, Colorado, for Plaintiffs-Appellees Bonifazi & Associates, P.C., Dan Bonifazi, Denver, Colorado, for Defendants-Appellants 
1 ¶ 1 In this dispute between neighbors, Michele Evans and Timothy Evans (the Evanses) appeal the trial court’s judgment in favor of Evanrich Investment Holdings LLC and its principal, Richard Gaines (collectively, Gaines). We affirm. I. Background ¶ 2 Gaines and the Evanses own adjacent properties in a covenant community. Gaines owns Lot 30, and the Evanses own, as relevant here, Lots 28 and 29. Since 1989, Gaines has used a water pressure booster pump on Lot 29 to transport water uphill to Lot 30 via a water service line that crosses Lot 29. ¶ 3 In November 2021, Gaines filed a complaint asserting, among other claims, claims for a declaratory judgment authorizing him to access the Evanses’ property to install a “meter to the water pump to support permanent water service to [his] property” and injunctive relief to prevent the Evanses from interrupting his water service.
1 The Evanses filed a counterclaim for a competing declaratory judgment that Gaines had “no legal or equitable right to access Lots 1 A claim concerning electrical services was dismissed before trial. 
2 28 and 29” because the Evanses are the legal owners of the water line.
2 ¶ 4 The case proceeded to a court trial in September 2022. After Gaines rested, the Evanses moved to dismiss under C.R.C.P. 41(b)(1). The trial court granted the motion and dismissed Gaines’ claims. ¶ 5 Immediately following the court’s ruling, Gaines orally moved for reconsideration based on newly discovered evidence. Gaines asserted that the warranty deed for Lots 29 and 30 — of which the Evanses were aware — referenced a plat map (the replat) that showed a water line easement, sewer easement, and driveway easement. After reviewing the replat, the trial court ordered Gaines to submit a written motion for relief from the court’s judgment to provide the Evanses with notice and an opportunity to respond. ¶ 6 Gaines followed with a written motion to amend or vacate the judgment, and the Evanses filed a response. The trial court granted Gaines’ motion under C.R.C.P. 60, vacated its dismissal order, reinstated the parties’ claims, and continued the trial on the 2 The Evanses filed a counterclaim for trespass but dismissed it before trial. 
3 “limited issue of the legal implications of the [r]eplat” and the replat’s associated documents. ¶ 7 In May 2023, the court heard evidence regarding whether the Evanses had notice of the existence of an easement across their property. In a written order, the trial court concluded that there was a water line easement across the Evanses’ property and that the Evanses “more likely than not” had been aware of its existence. The court therefore vacated its prior order dismissing Gaines’ claims; granted Gaines a permanent injunction to prevent the Evanses from interrupting, blocking, or preventing water service from reaching Gaines’ property; and entered judgment in favor of Gaines. ¶ 8 On appeal, the Evanses argue that the trial court erred by (1) reopening the evidence after it granted their motion to dismiss; (2) granting Gaines’ motion to vacate the judgment under C.R.C.P. 60(b); and (3) addressing Gaines’ easement claim without amending the pleadings under C.R.C.P. 15(b). We address each contention in turn. 
4 II. Reopening Evidence ¶ 9 The Evanses first assert that the trial court abused its discretion by reopening the evidence after it granted their motion to dismiss under C.R.C.P. 41(b)(1). We disagree. A. Additional Relevant Facts ¶ 10 In a written order granting Gaines’ motion to vacate the judgment and resetting the trial, the court stated it would reopen evidence on the “limited issue of the [replat’s] legal implications” and allow Gaines to present “evidence concerning the existence and knowledge of any relevant easements.” Additionally, the court stated that the Evanses would “have a full opportunity to present any admissible evidence that they otherwise would have had at the original trial” and would “retain their right to argue any motion for directed verdict and/or present any additional evidence.” B. Standard of Review and Applicable Law ¶ 11 A trial court may, in its discretion, “permit a party who has rested to reopen a case for the purpose of presenting further evidence.” Rocky Mountain Animal Def. v. Colo. Div. of Wildlife, 100 P.3d 508, 519 (Colo. App. 2004). We therefore review for abuse of discretion. See id. A trial court abuses its discretion if its ruling 
5 was manifestly arbitrary, unreasonable, or unfair or was based on a misunderstanding or misapplication of the law. Bd. of Cnty. Comm’rs v. DPG Farms, LLC, 2017 COA 83, ¶ 34. We will only reverse a trial court’s evidentiary rulings when they affect a substantial right of the objecting party. Rocky Mountain Animal Def., 100 P.3d at 519. ¶ 12 A party seeking to reopen the evidence “must make an offer of proof as to what specific evidence the party would present and demonstrate that this evidence would cure any deficiencies in that party’s case.” Justi v. RHO Condo. Ass’n, 277 P.3d 847, 850 (Colo. App. 2011). “[I]t is the duty of the trial court to thus reopen a case whenever the ends of justice can be advanced thereby.” Green v. Pullen, 115 Colo. 344, 345, 173 P.2d 458, 458 (1946) (quoting Plummer v. Struby-Estabrooke Mercantile Co., 23 Colo. 190, 194, 47 P. 294, 292 (1896)). C. Analysis ¶ 13 In his oral and written motions, Gaines described the specific evidence he sought to present — the replat and associated deeds — to demonstrate the existence of an easement. See Justi, 277 P.3d at 850. In its oral ruling granting the motion to dismiss, the court 
6 repeatedly noted that it “received no evidence of any easements” allowing for the delivery of water across Lot 29. Therefore, Gaines’ proposed additional evidence directly contradicted the basis upon which the trial court granted the Evanses’ motion to dismiss. ¶ 14 In the order vacating the judgment, the court stated that its judgment “was based on an incomplete and incorrect set of facts. Specifically whether an easement existed or not.” Thus, reopening the evidence facilitated the court’s ability to determine the action. See id. at 850-51. ¶ 15 The Evanses argue they were not given the opportunity to present a defense and, thus, were prejudiced. We reject this argument. ¶ 16 When Gaines orally moved for reconsideration, the Evanses objected. Because the trial court recognized the potential prejudice presented by Gaines’ oral motion for reconsideration, it ordered the parties to submit written briefs so that the Evanses had an adequate opportunity to respond. And the record reflects that the Evanses were afforded the opportunity to question Gaines’ witnesses, call their own witnesses, and present other evidence in support of their position at the May 2023 trial. 
7 ¶ 17 Accordingly, we conclude that the trial court did not abuse its discretion by reopening the evidence.
3 III. Rule 60(b) Motion ¶ 18 The Evanses next argue that the trial court abused its discretion by granting Gaines’ C.R.C.P. 60(b) motion to vacate the judgment. Specifically, the Evanses challenge the court’s findings of excusable neglect by Gaines’ counsel and misrepresentation by the Evanses and their counsel. A. Additional Relevant Facts ¶ 19 In its order granting the motion to vacate the judgment,
4 the court found that the failure of Gaines’ counsel to discover the replat before trial was excusable neglect. The court also found that the Evanses misrepresented the legal status of the water service line and the “access rights to the lots in question, [which] caused an 3 We further reject as conclusory the Evanses’ argument that the trial court was “likely swayed” by Gaines presenting the replat. See Antolovich v. Brown Grp. Retail, Inc., 183 P.3d 582, 604 (Colo. App. 2007) (declining to address underdeveloped arguments). 4 Gaines also moved for a new trial under C.R.C.P. 59. The trial court did not rule on the motion within sixty-three days. Therefore, by operation of law, the motion was deemed denied. See C.R.C.P. 59(j). 
8 irregularity in the proceedings that clearly impacted the ruling of the court.” B. Standard of Review and Applicable Law ¶ 20 Absent a showing of an abuse of discretion, we will not disturb a trial court’s ruling on a C.R.C.P. 60(b) motion to set aside a judgment. Singh v. Mortensun, 30 P.3d 853, 856 (Colo. App. 2001); see also DPG Farms, ¶ 34 (defining abuse of discretion). ¶ 21 Under C.R.C.P. 60(b), and as relevant here, a trial court may relieve a party from a final judgment for excusable neglect or misrepresentation by an adverse party. The moving party bears the burden of establishing the grounds for relief by clear, strong, and satisfactory proof. Justi, 277 P.3d at 851. By setting aside a judgment, the court sets the stage for further proceedings in a case. Affordable Country Homes, LLC v. Smith, 194 P.3d 511, 513 (Colo. App. 2008). C. Analysis 1. Excusable Neglect ¶ 22 Trial courts must consider three factors to determine whether to set aside a judgment due to excusable neglect: (1) whether the neglect was excusable; (2) whether the moving party has alleged a 
9 meritorious claim or defense; and (3) whether relief from the judgment would comport with equitable considerations. Craig v. Rider, 651 P.2d 397, 402 (Colo. 1982); Taylor v. HCA-HealthONE LLC, 2018 COA 29, ¶ 33. ¶ 23 The “first factor looks to the cause of the neglect.” Goodman Assocs., LLC v. WP Mountain Props., LLC, 222 P.3d 310, 319 (Colo. 2010). The conduct of a party’s attorney constitutes excusable neglect when the surrounding circumstances would cause a reasonably prudent person to overlook a required act in the performance of some responsibility. Guevara v. Foxhoven, 928 P.2d 793, 795 (Colo. App. 1996). Common carelessness and negligence by the party’s attorney do not amount to excusable neglect. Id.; Goodman Assocs., 222 P.3d at 319. ¶ 24 Here, the trial court found counsel’s failure to locate the replat before trial was excusable because, among other things, counsel had reasonably relied on a chain of title search that didn’t include the replat. ¶ 25 It was not disputed that the replat and associated documents didn’t appear in the chain of title for Gaines’ property. Indeed, part of the Evanses’ argument against excusable neglect was that the 
10 replat was available in the public domain, regardless of whether it was in Gaines’ chain of title. But the assertion that Gaines could have found the documents in the public domain doesn’t render the trial court’s excusable neglect determination manifestly arbitrary, unreasonable, or unfair. See Collins v. Scott, 943 P.2d 20, 22 (Colo. App. 1996) (noting that documents outside the chain of title do not generally provide notice of interests affecting property). Thus, we discern no abuse of discretion in the trial court’s excusable neglect determination. ¶ 26 The second factor requires the moving party’s asserted meritorious claim or defense to “be supported by factual allegations, not just legal conclusions.” Goodman Assocs., 222 P.3d at 319. The circumstances (if any) under which Gaines could have access across the Evanses’ property were at the heart of his claims. As the moving party, he produced new information suggesting the possibility of an easement, thereby showing his claims were potentially meritorious. ¶ 27 Lastly, in determining whether relief would be consistent with equitable considerations, a trial court should consider 
11 the promptness of the moving party in filing the [R]ule 60(b) motion, the fact of any detrimental reliance by the opposing party on the order or judgment of dismissal, and any prejudice to the opposing party if the motion were to be granted, including any impairment of that party’s ability to adduce proof at trial in defense of the claim. Buckmiller v. Safeway Stores, Inc., 727 P.2d 1112, 1116. These considerations are analyzed in light of our preference for resolving cases on the merits. McMichael v. Encompass PAHS Rehab. Hosp., LLC, 2023 CO 2, ¶ 17 (citing Craig, 651 P.2d at 402). ¶ 28 As the trial court found, counsel for Gaines promptly informed the court about the replat and associated documents shortly after the evidence was discovered. Additionally, the Evanses were on notice that Gaines would file a C.R.C.P. 60(b) motion, and, beyond a conclusory statement, the Evanses do not assert they detrimentally relied on the judgment of dismissal, nor does the record indicate that they did. Finally, the Evanses were not prejudiced by the court vacating the judgment because the court specifically provided that the Evanses would “be able to set forth their arguments as to the legal effect of the Replat and the validity of the easement described therein.” Therefore, in light of the preference for resolving cases on 
12 their merits, we conclude the trial court’s relief was consistent with equity. Accordingly, we conclude that the trial court did not abuse its discretion in finding excusable neglect under C.R.C.P. 60(b)(1). 2. Misrepresentation ¶ 29 The Evanses also challenge the trial court’s finding that they misrepresented the existence of a water line easement. Because we have concluded that the trial court didn’t abuse its discretion in finding excusable neglect, we decline to address this argument. See Stor-N-Lock Partners # 15, LLC v. City of Thornton, 2018 COA 65, ¶ 38 (“An issue is moot when the relief sought, if granted, would have no practical effect on an existing controversy.”). IV. Unpled Easement Claim ¶ 30 The Evanses also assert that the trial court erred by finding an easement existed when Gaines did not allege the existence of an easement in his complaint, and the court did not require amendment of the pleadings under C.R.C.P. 15(b) to include an easement claim. We discern no error. A. Standard of Review and Applicable Law ¶ 31 We review a court’s adjudication of issues not presented in the pleadings for an abuse of discretion. See Bittle v. CAM-Colo., LLC, 
13 2012 COA 93, ¶ 41; see also 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1493 (3d ed. database updated June 2024) (“The decision whether the issue has been tried by express or implied consent is a matter within the trial court’s discretion and will not be reversed except upon a showing of abuse.”). ¶ 32 Rule 15(b) states that issues not raised by the pleadings may be “tried by express or implied consent of the parties” and treated “in all respects” as though they had been raised in the pleadings. A failure to amend the pleadings won’t affect the result of the trial on those issues. Id. ¶ 33 Furthermore, “[t]he purpose of Rule 15(b) is to allow litigation to be determined on the merits and not to be limited to the strict parameters of the pleadings.” Am. Nat’l Bank of Denver v. Etter, 28 Colo. App. 511, 516, 476 P.2d 287, 289 (1970). But before the court may consider an unpled issue, it must appear that the issue was deliberately presented at trial and that there is no reasonable doubt that the issue was intentionally and actually tried by the parties. Maehal Enters., Inc. v. Thunder Mountain Custom Cycles, Inc., 313 P.3d 584, 588 (Colo. App. 2011). 
14 B. Analysis ¶ 34 The Evanses argue that Gaines was required to make a written or oral motion to amend under C.R.C.P. 15(b). We reject this argument. ¶ 35 Rule 15(b) explicitly authorizes amendment of the pleadings by implied consent of the parties. And a trial court “has the duty to consider an issue raised by the evidence even if the matter was not pled and no formal application was made to amend.” Bittle, ¶ 43; see Mullins v. Med. Lien Mgmt., Inc., 2013 COA 134, ¶ 29. ¶ 36 Gaines did not move to amend the pleadings to conform to the evidence under C.R.C.P. 15(b), and the Evanses objected to the lack of formal amendment of the pleadings. But we conclude that the record demonstrates that the issue of whether an easement existed was intentionally and sufficiently raised during the proceedings by both parties such that we can infer the parties’ consent to address that issue. The record shows the following: • Gaines’ complaint asserted the Evanses’ unilateral decision to terminate “water service and block access [was] an infringement on [Gaines’] right to the use of his 
15 property and the easement granted by the [community] Covenants.” • There were competing claims for declaratory judgment requesting the court determine Gaines’ legal or equitable rights to access the Evanses’ property in order to support permanent water supply to Gaines’ property. • The Evanses affirmatively denied that an easement existed. • In its ruling denying the Evanses’ C.R.C.P. 12(b)(5) motion to dismiss, the court found that the Gaines had “plausibly state[d] the existence of an easement in [Gaines’] favor” concerning the water line. • Gaines’ counsel represented to the court that “there is no written easement” for water supply across the properties, and Gaines therefore was requesting permissive “access and use” of a water line running to his house under the Evanses’ property. In response, the Evanses argued the water line “hasn’t met the statutory requirements of an easement.” 
16 • In its oral ruling on the Evanses’ C.R.C.P. 41(b)(1) motion to dismiss, the trial court repeatedly referenced that no writing existed that would permit Gaines the right to use or control the water line. • The Evanses’ counsel repeatedly raised the issue of whether there was a written easement that would provide Gaines the right to access and use the water line across Lot 29 during the September 2022 trial. • Gaines’ motion to vacate the judgment and the Evanses response both address whether an easement exists across Lot 29 for the benefit of Lot 30. ¶ 37 Thus, we conclude that the parties implicitly — if not explicitly — tried the issue of whether an easement existed, which, after all, was an issue throughout the case. See Bittle, ¶ 43. Accordingly, the trial court did not abuse its discretion by addressing the existence of an easement without formal amendment of the pleadings. ¶ 38 The Evanses also appear to assert that the trial court’s conclusion that an easement existed should be reversed. However, this argument is underdeveloped, and we therefore decline to 
17 address it. See Antolovich, 183 P.3d at 604 (declining to address underdeveloped arguments). V. Disposition ¶ 39 The judgment is affirmed. JUDGE DUNN and JUDGE YUN concur.