24CA2260 Marriage of Skinner 09-04-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA2260
El Paso County District Court No. 17DR4082
Honorable Laura N. Findorff, Judge

---

In re the Marriage of

Tabitha Skinner n/k/a Tabitha Reigns,

Appellee,

and

Arthur Eric Skinner,

Appellant.

---

ORDER AFFIRMED

Division A
Opinion by CHIEF JUDGE ROMÁN
Berger*, and Bernard*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 4, 2025

---

No Appearance for Appellee

Arthur Eric Skinner, Pro Se


*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1     In this post dissolution proceeding involving Arthur Eric Skinner (father) and Tabitha Skinner, now known as Tabitha Reigns (mother), father appeals the district court's order denying his motion to modify parenting time.  We affirm.

## I.     Background

¶ 2     Mother and father are the parents of two children.  The district court dissolved their marriage in 2019.  In October 2022, the court permitted mother to relocate with the children from Colorado to Florida, with father receiving parenting time with the children in Colorado during school breaks.

¶ 3     In April 2024, father moved to modify parenting time and requested that the children be relocated back to Colorado to live with him.  Following a hearing, the district court denied father's motion after finding that he had failed to establish that the children's present environment with mother endangered their physical health or significantly impaired their emotional development.

## II.     Standards of Review and Applicable Law

¶ 4     We review for an abuse of discretion a district court's decision on a motion to modify parenting time.  *In re Marriage of Hatton*, 160

P.3d 326, 330 (Colo. App. 2007). A court abuses its discretion if its decision is manifestly arbitrary, unreasonable, or unfair, or if it misconstrues or misapplies the law. *In re Marriage of Evans*, 2021 COA 141, ¶ 25. A court's discretion over parenting time matters is broad, such that we exercise every presumption in favor of upholding the court's decision so long as it is supported by competent evidence in the record. *Hatton*, 160 P.3d at 330.

¶ 5    A modification of parenting time that substantially changes parenting time and changes the parent with whom the children reside the majority of the time requires a finding that there has been a change in the circumstances of the children or of the party with who the children reside a majority of the time and that the modification is necessary to serve the best interests of the children. § 14-10-129(2), C.R.S. 2024. In addition, when considering such a modification, the court must retain the existing parenting time unless the children's present environment endangers the children's physical health or significantly impairs the children's emotional development and the harm likely to be caused by a change in residence is outweighed by the advantage of the change. § 14-10-129(2)(d); *see In re Parental Reps. Concerning B.R.D.*, 2012

2

COA 63, ¶¶ 19-21 (describing three-step analysis required starting with presumption that the prior order remains in effect).

### III. Denial of Motion to Modify Parenting Time

¶ 6     Father first contends that the district court erred in denying his motion to modify parenting time because the evidence that he presented supported modification. We are not persuaded.

¶ 7     Father specifically argues that the district court ignored his testimony that the children were experiencing a decline in both their mental health and academic performance while residing with mother. According to father, such a decline included a suicide attempt by the youngest child and declining grades and school attendance on the part of both children.

¶ 8     However, it was for the district court to determine credibility of the witnesses and the weight, probative force, and sufficiency of the evidence, as well as the inferences and conclusions to be drawn therefrom. *In re Marriage of Thorburn*, 2022 COA 80, ¶ 49. Therefore, "[t]he [district] court c[ould] believe all, part, or none of a witness's testimony, even if uncontroverted, and its resolution of conflicting evidence is binding on review," *In re Marriage of Amich*, 192 P.3d 422, 424 (Colo. App. 2007), meaning that even where

"there is evidence in the record that could have supported a different conclusion, we will not substitute our judgment for that of the district court." *In re Marriage of Nelson*, 2012 COA 205, ¶ 35.

¶ 9 In denying father's motion, the court found that it was undisputed that the parties' youngest child had attempted suicide and found that the children were generally not "thriving under [m]other's care." But the court also found that much of the evidence that father attempted to introduce was inadmissible hearsay and, beyond his testimony as to his belief that mother was an unfit parent, father had otherwise failed to provide "specifics of non-hearsay evidence regarding the children's physical health and emotional development." In sum, the court was not persuaded by father's testimony and found that, despite the issues that the children were having in mother's care, there was not sufficient evidence to conclude that the children were in fact endangered. *See* § 14-10-129(2)(d).

¶ 10 And because such a determination was solely within the district court's purview as factfinder, we decline to reweigh the evidence in father's favor. *See Thorburn,* ¶ 49; *Nelson,* ¶ 35; *Amich,* 192 P.3d at 424.

¶ 11 Finally, to the extent that father asserts the district court erred by ignoring his testimony that mother's former boyfriend was a danger to the children, the district court heeded father's concerns and prohibited the former boyfriend from having contact with the children. And while father asserts that mother has subsequently violated that prohibition, we may not consider such assertions because mother's alleged violations of the court's order are not properly before us given our lack of a final, appealable order on that issue. *See Evans*, ¶ 11 ("Our jurisdiction is limited to review of final, appealable judgments or orders.").

## IV. Admission of Late-Disclosed Exhibits

¶ 12 We next consider and reject father's contention that the district court reversibly erred by admitting TalkingParents and Google Voice text logs, which he asserts were not timely disclosed and designated by mother as exhibits.

¶ 13 We will reverse an error, including a ruling admitting evidence, only if the error affected a party's substantial rights, which occurs if "it can be said with fair assurance that the error substantially influenced the outcome of the case or impaired the basic fairness of the trial itself." *Bly v. Story*, 241 P.3d 529, 535 (Colo. 2010)

(citation omitted); *see also* C.R.C.P. 61; *Justi v. RHO Condo. Ass'n,* 277 P.3d 847, 849-50 (Colo. App. 2011).

¶ 14     At the hearing, mother introduced a log of the parties' TalkingParents communications.  Father objected on the basis that mother had not produced the TalkingParents exhibit until 3:00 a.m. the morning of the hearing.  The district court admitted the exhibit, reasoning that the document largely contained father's own statements, which he should have been aware of.  In denying father's motion to modify parenting time, the district court then cited the TalkingParents logs as evidence of father's longstanding inability to regulate his emotions towards mother and as evidence of father being unsupportive of the youngest child's therapy.

¶ 15     Yet, even assuming, without deciding, that the district court erred by admitting the TalkingParents exhibit, we conclude that any error was harmless.  As the moving party, the burden was on father to demonstrate that a modification of parenting time was warranted under the three-step analysis in section 14-10-129(2).  *See B.R.D.,* ¶¶ 19-21.  But in denying father's motion, the district court determined that father failed to satisfy the second step, which required "evidence showing that the status quo endangers the

child[ren]." *See id.* at ¶ 21. Because father failed to produce sufficient evidence demonstrating that the children were in danger, we cannot say with fair assurance that, even if admitted in error, the TalkingParents exhibit substantially influenced the outcome of the case, thus requiring reversal. *See Bly*, 241 P.3d at 535.

¶ 16 We also reject father's contention that a Google Voice text messaging log, containing correspondence between father and one of the children, was improperly admitted because mother had failed to timely list the document as an exhibit. Father's contention is without merit because he concedes that he received a copy of the document in May 2024, and the document was listed on mother's exhibit list filed a week before the hearing. *See* C.R.C.P. 16.2(h) (governing the disclosure of exhibit lists).

## V. ADA Accommodations

¶ 17 We lastly consider and reject father's claim that the district court erred by failing to provide him with reasonable accommodations under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131-12134.

¶ 18 The ADA was enacted not only to remedy discrimination against persons with disabilities but also to mandate that public

7

entities, such as a court, make reasonable accommodations for such persons. *People in Interest of S.K.*, 2019 COA 36, ¶ 18.

¶ 19 As best as we can discern, father, who lives with a traumatic brain injury and post-traumatic stress disorder, claims that the district court failed to provide reasonable accommodations by not providing him with assistance in preparing for the proceedings, which included obtaining documents in support of his motion.

¶ 20 However, as appellant, it was father's responsibility to designate the record on appeal and to ensure that all items designated have been transmitted to the appellate court. *In re Marriage of Tagen*, 62 P.3d 1092, 1096 (Colo. App. 2002); *see* C.A.R. 10(d)(3). And here, while it appears that father engaged in correspondence with the district court's ADA coordinator concerning some possible accommodations a week before the hearing, we have been unable to locate that correspondence anywhere in the record, significantly hampering our review of father's contentions. Therefore, because we cannot review facts missing from the record, we must presume that the missing materials support the district court's order. *People v. Wells*, 776 P.2d 386, 390 (Colo. 1989).

¶ 21 We also reject father's conclusory contention that the district court failed to reasonably accommodate his disabilities when it excluded significant portions of his evidence as hearsay. Father has not provided any legal authority in support of his suggestion that a court is required to excuse a party from compliance with the rules of evidence as a reasonable accommodation under the ADA, and we thus decline to further consider his contention. *See Woodbridge Condo. Ass'n v. Lo Viento Blanco, LLC*, 2020 COA 34, ¶ 44 (declining to consider undeveloped and conclusory contentions of error made without supporting argument or authority).

## VI. Disposition

¶ 22 The order is affirmed.

JUDGE BERGER and JUDGE BERNARD concur.